CAROL LaFEVER, INDIVIDUALLY AND AS PARENT AND NEXT FRIEND OF JAMES HOWARD LaFEVER AND KENNETH WESLEY LaFEVER, MINORS, APPELLANT, v. THE CITY OF SPARKS, RESPONDENT.

No. 6649

May 3, 1972                                           496 P.2d 750

*Hibbs & Bullis,* and *Stanley L. Lyon,* of Reno, for Appellant.

*Paul Freitag,* Sparks City Attorney, and *Leslie A. Leggett* and *Paul F. Hamilton,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal is from a summary judgment in favor of a codefendant, City of Sparks, in a wrongful death action commenced by the surviving wife and sons of a deceased passenger against the City, the driver of the automobile in which the decedent was riding, and the driver's employer.[1] With regard to the defendant City, the plaintiff alleged that it had failed to replace a knocked down stop sign at the intersection of B Street (State Highway Rt. 1) and Prater Way (State Highway Rt. 32(a)), in Sparks, Nevada, which omission caused the automobile in which the decedent was riding to collide with a large semi-truck. The State of Nevada owns B Street and Prater Way, including the intersection of those streets, installed the stop signs there in place, and maintained them. We affirm the summary judgment.

1. NRS 408.285(1) charges the State with the responsibility for the construction, reconstruction, improvement and maintenance of state highways, and NRS 484.783(2) precludes the local authority from placing a traffic control device

---

[1]The district court determined that there was no just reason to delay entry of a final judgment for the codefendant, City of Sparks. NRCP 54(b).

thereon without the State's prior approval.[2] In these circumstances, the City may not be held liable for failing to replace a stop sign since the duty to do so lies elsewhere. McNulty v. Commonwealth of Pennsylvania, 314 F.Supp. 1274 (1970); Gillespie v. City of Los Angeles, 225 P.2d 522 (Cal. 1950); Bartlett v. State, 301 P.2d 985 (Cal.App. 1956).[3]

2. The appellant contends that the City may be liable for failing to assign a traffic officer to direct traffic at the intersection. This contention is without force. A governmental decision to provide or not to provide traffic control cannot ground a cause of action. Hoy v. Capelli, 222 A.2d 649 (N.J. 1966). Such a decision is discretionary and falls within the reach of NRS 41.032(2) precluding an action against a political subdivision which action is based upon the performance or the failure to perform a discretionary function. Cf. Harrigan v. City of Reno, 86 Nev. 678, 475 P.2d 94 (1970); State v. Silva, 86 Nev. 911, 478 P.2d 591 (1970). Thus, were we to assume City control of the intersection and the stop signs (which we may not assume as discussed above), the City would enjoy immunity from this suit.

The record before us points out the need for immunity where pure discretion is involved. The accident occurred at 3:46 on a Sunday morning. A traffic officer had driven through the intersection one-half hour earlier and had noticed the downed stop sign, but did not believe that it constituted a traffic hazard. That was a judgment call on his part—one within his discretion to make.

Affirmed.

ZENOFF, C. J., and BATJER, MOWBRAY, and GUNDERSON, JJ., concur.

---

[2] NRS 408.285(1): "The highways which are constructed, reconstructed, improved and maintained by the department . . . shall be state highways, and the department shall be charged with the responsibility of such construction, reconstruction, improvement and maintenance. . . ."

NRS 484.783(2): "No traffic control device shall be placed by a local authority on a highway constructed and maintained by the department . . . without prior approval by the department."

[3] The appellant's reliance upon the opinion of this court in Las Vegas v. Schultz, 59 Nev. 1, 83 P.2d 1040 (1938), is misplaced since that case concerned the duty of a City to remove a temporary movable obstruction, a load of poles, left by a third party on the surface of the street.