GARRY MICHAEL BRUTTOMESSO, VINCENT J. BRUTTOMESSO and BETTY L. BRUTTOMESSO, Appellants, *v.* LAS VEGAS METROPOLITAN POLICE DEPARTMENT and LAS VEGAS METROPOLITAN POLICE COMMISSION, Respondents, and KLUC BROADCASTING COMPANY, a Nevada Corporation, Respondent.

Nos. 9803 and 10422

February 28, 1979                                      591 P.2d 254

[Rehearing denied March 22, 1979]

*Foley Brothers* and *Paul Elcano,* of Las Vegas, for Appellants.

*Cromer, Barker & Michaelson* and *James R. Olson,* of Las Vegas, for Respondents in case No. 9803.

*Rose, Edwards, Hunt & Pearson, Ltd.,* of Las Vegas, for Respondent in case No. 10422.

## OPINION

By the Court, THOMPSON, J.:

Garry Bruttomesso was injured when repeatedly stabbed by William Bush, Jr., while attending a showing of "Beatles" movies in the parking lot of the Clark County Library on Flamingo Road. It is alleged that the defendants, who are respondents in this court, were negligent in failing to provide proper security and medical care. Garry seeks money damages as do his parents, Vincent and Betty, who claim a financial loss by reason of their son's injury.

Summary judgments were entered for the defendants, respondents here, and an NRCP 54(b) determination made. This consolidated appeal is from the summary judgments so entered. In each instance the appellants contend that genuine issues of material fact exist to preclude summary judgment.

1.  Appeal No. 9803.

A representative of the Clark County Library District

requested the Las Vegas Metropolitan Police Department to provide security for the Beatles film festival. The Department declined to do so because of inadequate man power. The decision not to provide security was discretionary and falls within NRS 41.032(2)[1] which prohibits an action based upon the performance or failure to perform a discretionary function. LaFever v. City of Sparks, 88 Nev. 282, 496 P.2d 750 (1972). Consequently, the claim that the police department negligently failed to provide security must fail.

We note that apart from the statutory prohibition, it is generally true that government is not liable for failing to prevent the unlawful acts of others. The duty of government, in this instance the Police Department, runs to all citizens and is to protect the safety and well-being of the public at large. Keane v. City of Chicago, 240 N.E.2d 321 (Ill.App. 1968). Consequently, government is not liable for a failure to supply police protection without a showing of a special relationship or duty to the particular individual. Massengill v. Yuma County, 456 P.2d 376 (Ariz. 1969); Huey v. Town of Cicero, 243 N.E.2d 214 (Ill. 1968). Cf. Fair v. United States, 234 F.2d 288 (5th Cir. 1956); Schuster v. City of New York, 154 N.E.2d 534 (1958). A special relationship creating a duty to supply police protection to Garry Bruttomesso has not been shown in this case. Since the department is not liable for the failure to provide police protection for Garry, it follows that it also is free of liability for any alleged failure to provide prompt medical aid.

The Police Commission obviously has no liability since its function is to supervise the budget of the Police Department. The Commission is not otherwise involved in carrying out the police function. We conclude that summary judgment properly was entered for the Las Vegas Metropolitan Police Department and the Las Vegas Metropolitan Police Commission.

2. Appeal No. 10422.

KLUC Broadcasting Company honored the request of the

---

[1] NRS 41.032: "No action may be brought under NRS 41.031 or against an officer or employee of the state or any of its agencies or political subdivisions which is:

1. . . . .

2. Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the state or any of its agencies or political subdivisions or of any officer or employee of any of these, whether or not the discretion involved is abused."

Clark County Library District to cosponsor the showing of the Beatles films. The involvement of KLUC was only to the extent of publicizing the festival and defraying some of the costs. KLUC neither owned nor controlled the property upon which the films were screened.

It is the contention of plaintiffs-appellants that KLUC may be found liable as a joint venturer for any negligent acts of the Clark County Library District who did own and control the property where the assault occurred.

A joint venture is a contractual relationship in the nature of an informal partnership wherein two or more persons conduct some business enterprise, agreeing to share jointly, or in proportion to capital contributed, in profits and losses. Swensen v. McDaniel, 119 F.Supp. 152 (D. Nev. 1953).

There is nothing to suggest that the Beatles film festival was a business enterprise on the part of either the Library District or KLUC. Those patronizing the event were not charged admission. The festival was not for profit. It was presented as a public service for the free enjoyment of those who might be interested. Indeed, it is not alleged that the Library District and KLUC entered into an agreement of joint venture, nor are facts asserted from which such an agreement may reasonably be implied. It was proper for the district court to enter summary judgment for KLUC.

Affirmed.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.