PATRICIA WHALEN, HELEN NOONAN, JEAN NOONAN RUFFELL, and JOHN JOSEPH NOONAN, Jr., Appellants, v. COUNTY OF CLARK, Respondent.

No. 10735

June 27, 1980 613 P.2d 407

*J. R. Crockett, Jr.,* Las Vegas, for Appellants.

*Richard H. Bryan,* Attorney General, Carson City; and *Cromer, Barker & Michaelson* and *James R. Olson,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellants are relatives of Francis Whalen and John Noonan, Sr., who were killed in 1977 by one Kahlil ben Maatallah. Appellants brought suit in the district court against respondent Clark County, the State of Nevada, and the Las Vegas Mental Health Center. The complaint alleged, among other things,

that respondent Clark County had negligently failed to prosecute ben Maatallah for a murder he allegedly committed in 1965, had negligently treated ben Maatallah while in custody and had negligently failed to prevent his release from the Las Vegas Mental Health Center in 1973. On respondent Clark County's motion, the district court dismissed the complaint as to Clark County for failure to state a claim upon which relief may be granted, NRCP 12(b)(5), and certified the order as a final judgment under NRCP 54(b). This appeal followed.

It appears from the record that the respondent submitted, and the district court did not exclude, matter outside the pleadings in support of the motion to dismiss. We must therefore consider this an appeal from an order granting summary judgment. NRCP 12(b). Taking as true the allegations in appellants' complaint, and viewing the evidence in the light most favorable to appellants, Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963), we conclude that the complaint does not state a cause of action against the County, and therefore affirm.

Appellants' complaint alleged that respondent Clark County was negligent in failing to prosecute ben Maatallah for the alleged 1965 murder. A failure to prosecute, under any circumstances, does not give rise to a private cause of action. The prosecutorial function is a public one, and the duty to prosecute is a public duty. A prosecutor's breach of this public duty may expose him or her to professional discipline, removal from office, or criminal prosecution, see Imbler v. Pachtman, 424 U.S. 409, 429 (1976), but it cannot transform the duty owed to the public generally into the basis for a private action for damages. See Bruttomesso v. Las Vegas Met. Police, 95 Nev. 151, 591 P.2d 254 (1979).

Appellants have also alleged that the County negligently treated ben Maatallah and negligently failed to prevent his release from the Las Vegas Mental Health Center. The record demonstrates that at the time of ben Maatallah's release he was in the custody of the Division of Mental Hygiene and Mental Retardation, an agency of the State of Nevada, not of the County. NRS 232.300(2)(c). Appellants have not alleged that respondent Clark County exercised any control over ben Maatallah's treatment in or his release from the state agency. Nor have appellants alleged that the County was obligated to do so. Appellants do not allege any special relationship between the

County and their decedents which could form any basis for liability in this case. *See* Fair v. United States, 234 F.2d 288 (5th Cir. 1956); Schuster v. City of New York, 154 N.E.2d 534 (N.Y. 1958).

In short, appellants have failed to allege the existence of any duty toward their decedents on the part of Clark County. *See* Bruttomesso v. Las Vegas Met. Police, *supra.* The complaint, therefore, fails to state a cause of action for negligence against respondent and, accordingly, the judgment of the district court must be affirmed.

MOWBRAY, C. J., THOMPSON, MANOUKIAN, and BATJER, JJ., and ZENOFF, SR. J.,[1] concur.