NEVADA SMITH FRYE, APPELLANT, v. CLARK COUNTY, NEVADA, AND CITY OF LAS VEGAS, RESPONDENTS.

No. 12867

December 30, 1981                              637 P.2d 1215

[Rehearing denied April 9, 1982]

*Rickdall & Shulman,* Las Vegas, for Appellant.

[3]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const., art 6, § 19; SCR 10.

*Harding & Dawson,* Las Vegas, for Respondent City of Las Vegas.

*Vargas & Bartlett, Thomas F. Kummer* and *Harry E. Hinderliter III,* Las Vegas, for Respondent Clark County.

## OPINION

*Per Curiam:*

Appellant's house was destroyed by fire. Neighbors notified the fire department through a telephone number maintained jointly by the Clark County and Las Vegas fire departments. They gave the correct address, including cross streets, but the fire department went first to the wrong address on El Camino Avenue, before arriving at the correct address on El Camino Road. The fire department was delayed in arriving at the scene of the fire and the appellant's house was destroyed.

Appellant brought this action for damages, alleging negligence, for loss of the home. The trial court granted respondents' motion for summary judgment, ruling that no actionable breach of duty had been alleged. We agree and affirm.

This court has previously held that no private liability exists for failure to provide police protection, Bruttomesso v. Las Vegas Metropolitan Police, 95 Nev. 151, 591 P.2d 254 (1979), or for failure to prosecute criminals, Whalen v. County of Clark, 96 Nev. 559, 613 P.2d 407 (1980). These cases rest on the principle that the duty of providing these services is one owed to the public, but not to individuals. *Cf.* Massengill v. Yuma County, 456 P.2d 376 (Ariz. 1969); Doe v. Hendricks, 590 P.2d 647 (N.M. 1979).

Similar to the duty to provide police protection and to prosecute criminals, the duty to fight fires "runs to all citizens and is to protect the safety and well-being of the public at large." *Bruttomesso, supra,* 95 Nev. at 153. Therefore, no private liability may attach to the fire department's failure to respond to a

call. That result has been reached in other jurisdictions that have considered the question. Frankfort Variety, Inc. v. City of Frankfort, 552 S.W.2d 653 (Ky. 1977); LaDuca v. Town of Amherst, 386 N.Y.S.2d 269 (App.Div. 1976); Valevais v. City of New Bern, 178 S.E.2d 109 (S.C.App. 1970), where the same result was reached predicated upon the governmental function rule; Bagwell v. City of Gainesville, 126 S.E.2d 906 (Ga.App. 1962).

This decision does not preclude liability for a negligent act by a fire department in all instances. Under certain circumstances, a public agency may be held to have assumed a special duty to individuals. Such a duty may exist where, official conduct has created specific reliance on the part of individuals, Florence v. Goldbert, 404 N.Y.S.2d 583 (N.Y. 1978), or where the official negligence affirmatively causes the individual harm. However, merely by responding to the fire call, as in the instant case, respondent did not assume a special duty towards appellant. Therefore, the judgment of the district court is affirmed.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOW-BRAY, JJ., and ZENOFF, Sr. J.,[1] concur.