DENNIS FOLEY, APPELLANT, *v.* CITY
OF RENO, RESPONDENT.

No. 14674

May 16, 1984                                     680 P.2d 975

*Echeverria and Osborne, Chartered,* Reno, for Appellant.

*Shamberger, Georgeson, McQuaid & Thompson, Chartered,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of involuntary dismissal under NRCP 41(b). The district court ruled that respondent City of Reno was immune from liability as a matter of law. For the reasons expressed below, we reverse.

On December 12, 1981, appellant was hit by an automobile while he was walking across the street at an intersection in Reno. Appellant sued the City, alleging that the City had notice of the dangerous intersection and that the City unreasonably failed to install adequate warning or traffic control devices for the protection of pedestrians.

At trial appellant presented evidence that the City was negligent. At the close of appellant's case, however, the City moved for a dismissal pursuant to NRCP 41(b) on the ground that the action or inaction complained of was discretionary, and that the City was therefore immune from suit by virtue of NRS 41.032(2). The district court granted the motion, and this appeal followed.

NRS 41.032(2) precludes an action against the state or a political subdivision "[b]ased on the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved is abused." The issue in this appeal is whether the statute provides immunity to the City in the circumstances of this case.

In Harrigan v. City of Reno, 86 Nev. 678, 475 P.2d 94

(1970), the City of Reno had failed to install warning signs and guard rails near a dangerous edge of a city-owned parking lot. In determining whether the City's conduct was discretionary under the statute, we noted that the original decision to construct the parking lot was discretionary. As to the warning signs and guard rails, however, we held:

> Once having decided to construct a parking lot, the city was obligated to use due care to make certain that the parking lot met the standard of reasonable safety for those who would use it. Such was the operational stage for which the statute does not exempt the city from liability if due care has not been used and an injury is caused.

86 Nev. at 680, 475, P.2d at 95.

Similarly, in State v. Webster, 88 Nev. 690, 504 P.2d 1316 (1972), the State of Nevada had constructed a controlled-access freeway, but the State had not installed a cattleguard at a freeway entrance located near a livestock pasture. In rejecting the State's argument that construction of the cattleguard was discretionary and that the State was immune from liability, we recognized that the decision to construct the freeway itself was discretionary. As to the cattleguard, however, we held:

> Once the decision was made to construct a controlled-access freeway in the area where this accident happened, the State was obligated to use due care to make certain that the freeway met the standard of reasonable safety for the traveling public. This is the type of operational function of government not exempt from liability if due care has not been exercised and an injury results.

88 Nev. at 693-94, 504 P.2d at 1319.

The present case is similar to *Harrigan* and *Webster*. The decision to construct the intersection and to install the crosswalk may have been a discretionary decision, but once that decision was made the City was obligated to use due care to make certain that the intersection met the standard of reasonable safety for those who chose to use it. The City was not immune from liability under the statute. Cases cited by respondent are either not applicable or are distinguishable on their facts.

Reversed and remanded.

SPRINGER, A.C.J., MOWBRAY, STEFFEN, and GUNDERSON, JJ., and ZENOFF, SR. J.,[1] concur.

---

[1]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case in the place of CHIEF JUSTICE NOEL E. MANOUKIAN, who voluntarily disqualified himself. Nev. Const., art. 6, § 19.