FRED J. PARKER, JAMES O. PARKER, ELIZABETH RICH-
MOND, AND SHIRLEY ANN DRAKE, APPELLANTS, v.
MINERAL COUNTY, A POLITICAL SUBDIVISION OF THE
STATE OF NEVADA, RESPONDENT.

No. 14793

December 18, 1986             729 P.2d 491

*Robison, Lyle, Belaustegui & Robb,* Reno, for Appellants.

*Allison, Brunetti, MacKenzie, Hartman, Soumbeniotis &
Russell,* Carson City, for Respondent.

## OPINION

By the Court, YOUNG, J.:

This is an appeal from a summary judgment in a wrongful death action. The district court granted summary judgment to respondent Mineral County on the grounds that the county was immune from suit pursuant to NRS 41.032(2) and that the county owed no special duty to the decedent. Appellants assign these findings as error.

Between 6:30 a.m. and 8:30 a.m. on March 6, 1981, Charles Miller departed from Hawthorne to obtain a load of firewood. Approximately 15 miles south of Hawthorne, in Mineral County, Miller left the paved road and drove a short distance on the I.M.N. Mine road. There Miller observed a person, later identified as Fred F. Parker, lying beside the road. Miller asked Parker if he needed assistance and received what he believed was a negative answer. Miller continued on to his destination. On his return trip, Miller again observed Parker on the roadside. Miller asked Parker whether he needed a ride to Hawthorne and received an answer in the affirmative. Miller returned to his automobile and waited for Parker. When Parker continued to lie on the ground, however, Miller left without him.

While driving back to Hawthorne, Miller decided to report the incident to the Mineral County Sheriff's Department. Upon arriving in Hawthorne, Miller drove to the sheriff's office and informed the dispatcher on duty of the incident. Miller also informed a deputy sheriff of the incident and allegedly received the assurance that it would be taken care of.[1]

No one from the sheriff's office responded to Miller's report, and Parker died of exposure by the roadside. Parker's heirs initiated this action alleging that the failure of the Mineral County officials to respond to Miller's report led to Parker's death.

Appellants contend that the district court erred in finding Mineral County immune from suit because the decision not to respond to Miller's report was made at the operational, rather

---

[1]In their complaint, appellants allege that Miller received assurances from the deputy sheriff that someone would respond to his report and take care of the situation. Because this matter was decided on summary judgment, we must accept this allegation as true for purposes of this review. *See* Pacific Pools Constr. v. McClain's Concrete, 101 Nev. 557, 559, 706 P.2d 849, 851 (1985) (appellant's factual allegations must be presumed correct on summary judgment review). We note, however, that Miller testified in a deposition that no such assurances were given by either the dispatcher or the deputy sheriff. Indeed, Miller testified that when he left the sheriff's office, he had the impression that nothing would be done. Miller also testified that the deputy sheriff informed him that he was alone on the job and could not leave town.

than the discretionary, level. *See* NRS 41.032(2) (public officials are immune from suit based on the performance or failure to perform a discretionary function or duty); Crucil v. Carson City, 95 Nev. 583, 600 P.2d 216 (1979) (statute immunizing public officials from liability for discretionary acts did not bar a suit based upon the city's operational duty to maintain a stop sign).

Personal deliberation, decision and judgment are requirements of a discretionary act. *See* Board of Co. Comm'rs v. Cirac, 98 Nev. 57, 59, 639 P.2d 538, 539 (1982). In deciding not to respond to Miller's report, the county officials exercised their personal judgment as to how their limited resources should be utilized to best promote the public good. Such a decision should not be second guessed by a court with the benefit of hindsight. *See* Bruttomesso v. Las Vegas Met. Police, 95 Nev. 151, 591 P.2d 254 (1979). Therefore, the district court did not err in concluding that the county officials performed a discretionary function in deciding not to respond to Miller's report.

Appellants also contend that the county assumed a special duty toward Parker when its officials represented to Miller that they would take care of it. *See* De Long v. County of Erie, 457 N.E.2d 717 (N.Y. 1983) (county had special duty to assist woman who had requested emergency aid and had relied on representation that police officers would be dispatched). We disagree.

Parker never communicated with any county official, nor did he rely on the representation allegedly made by the sheriff's deputy. Further, there is no indication that the county's failure to act precluded others from assisting Parker or affirmatively increased the potential for harm to Parker. *See* Frye v. Clark County, 97 Nev. 632, 637 P.2d 1215 (1981) (fire department which responded to fire alarm by going to the wrong address owed no special duty to the individuals whose property was lost in the fire). Therefore, the county owed no special duty to Parker.

Having concluded that the district court properly granted summary judgment in favor of Mineral County, we affirm the decision of the district court.

MOWBRAY, C. J., and GUNDERSON and STEFFEN, JJ., concur.

SPRINGER, J., dissenting:

The facts which we must deal with in this appeal are stated in the complaint.[1]

---

[1]The majority "note[s] however" a contradictory version of the facts which it takes from a deposition that I do not find in this record. I am correct

Mr. Miller reported to the Mineral County Sheriff's Department Mr. Parker's location and the fact that he was in distress and needed assistance. Mr. Miller was informed that the matter would be taken care of. In reliance on said representation, Mr. Miller made no effort to further assist Mr. Parker. Said representations, in fact, were false and the Mineral County Sheriff's Department made no effort to assist Mr. Parker and further made no record of Mr. Parker's location or apparent distress in the log of the Mineral County Sheriff's Department.

What we have before us, then, is a case in which a passerby, Mr. Miller, came across an ailing Mr. Parker in the desert, down and in obvious need of assistance. Mr. Miller notified a sheriff's deputy of Mr. Parker's perilous condition. The deputy promised that "the matter would be taken care of," that is, that someone would go to Mr. Parker's aid. This promise effectively prevented Mr. Miller or anyone else from going to Mr. Parker's rescue. Mr. Parker died as a result of the officers' failure to carry out the responsibility that was undertaken when the promise to rescue Mr. Parker was made.

Mr. Parker was an old man, and the cause of his death is uncertain, except that it was caused by exposure which could have been prevented by a proper response to Miller's reports.

The majority opinion is based on its holding that, as a matter of law, the official decision not to rescue Parker was discretionary, which is to say volitional and deliberate, with the deputies' consciously "deciding not to respond to Miller's report." The majority view is that the officers made an election to leave Mr. Parker lying in the desert and exercised "their personal judgment as to how their limited resources should be utilized." Mr. Parker's life vs. scarce resources: conservation of scarce resources wins. There were not enough resources to go after Mr. Parker even after the officer said that "it would be taken care of;" so they left him on the desert.

In deciding not to rescue Mr. Parker, the majority believes that "the county officials performed a discretionary function in deciding not to respond to Miller's report." I wonder what the Mineral County Sheriff will think when he reads in the majority opinion that his office made a deliberate, discretionary, judgment call *not* to rescue an old man, down in the desert and in need of help, because of the "limited resources" available to his office. My guess is that the sheriff will be shocked. It would seem to me

in assuming for the purpose of this appeal that Mr. Parker died in the desert of exposure during Mr. Miller's expectation that the "matter would be taken care of."

more than probable that a deliberate, discretionary, penurious judgment was not made by the sheriff's deputy "in deciding not to respond," but rather, that the failure was an unfortunate operational oversight for which his office may or may not be liable, depending on how the facts might be presented at trial.

One's sense of justice would dictate that when a public safety officer promises to give specific aid and fails to do so, the office must answer in law for that failure. Case law so holds. *See,* e.g., Chambers-Castenes v. King County, 669 P.2d 451 (Wash. 1983) (decision of whether to dispatch an officer to the scene of a crime is operational, because it involves the type of decision made at an everyday operational level).

I also read in the majority opinion that the county in this case assumed no special duty toward Parker when its officers represented to Miller that they would take care of it because "Parker never communicated with any county official, nor did he rely on the representation" made by the deputy. To fortify this point the majority opinion goes on to note also that the sheriff's office did nothing which "precluded others from assisting Parker."

As I understand the majority opinion, then, there can be no legal liability in this case, as a matter of law, for these stated reasons:

1. The official acts were "discretionary" and therefore not actionable because: "Limited resources" justified the public officers in making a conscious, deliberate, discretionary decision not to go to the rescue of Parker after they had committed themselves to do so.
2. The officers owed no duty of rescue to Parker because:
   a. They did not prevent any one else from helping him.
   b. Parker himself never asked for help.
   c. Parker was not aware of Miller's attempts to get help for him or of the officer's commitment to come to his aid.

From this kind of reasoning I dissent. I think there ought at least to be a trial in this case.