NEVADA POWER COMPANY, a Nevada Corporation, and THOMAS ENGEL, Appellants, v. CLARK COUNTY, Respondent.

No. 20562

June 13, 1991                                    813 P.2d 477

*Beckley, Singleton, DeLanoy, Jemison & List,* and *Daniel Polsenberg,* Las Vegas, for Appellants.

*Edwards, Hunt, Hale & Hansen,* and *Trevor L. Atkin,* Las Vegas, for Respondent.

## OPINION

By the Court, ROSE, J.:

Nevada Power Company (Nevada Power) sought indemnity from Clark County when an injured party claimed that the lack of a traffic signal proximately caused an automobile accident. The district court dismissed the third-party complaint because Clark County was immune from suit pursuant to NRS 41.032(2). We conclude that the decision to place traffic signals at a newly constructed or existing intersection or road is a discretionary function and the municipality is immune from liability pursuant to NRS 41.032(2).

## FACTS

Thomas Engel (Engel) was operating a vehicle that belonged to Nevada Power, his employer, when he collided with a vehicle driven by Linda Allen. The accident occurred on November 13, 1976, in the intersection of Claymont Street and Flamingo Road in Las Vegas, Nevada. Linda Allen filed a suit against Engel and Nevada Power for personal injuries she sustained as a result of the accident.

Nevada Power and Engel brought a third-party complaint against Clark County. They claimed that the accident was caused by the lack of traffic control devices at the intersection, and that Clark County knew of the danger because it had received reports of numerous accidents that had occurred at that same intersection. The third-party plaintiff sought indemnity from Clark County for any damages it might be required to pay Linda Allen.

Clark County filed a motion to dismiss the third-party complaint, claiming that the construction and implementation of traffic control devices is a discretionary act for which NRS 41.032 affords governmental immunity to the county. For that reason, the district court granted Clark County's motion.

## LEGAL DISCUSSION

We have twice commented on whether the failure to install a traffic signal can be the basis for a suit against a municipality following an accident. Crucil v. Carson City, 95 Nev. 583, 600 P.2d 216 (1979); LaFever v. City of Sparks, 88 Nev. 282, 496 P.2d 750 (1972). These cases involved automobile accidents which occurred because traffic signals were knocked down. In each, the plaintiff claimed the municipality was negligent in failing to replace the fallen signal.

Although *Crucil* and *LaFever* are factually different from the case at hand, we clearly stated as dicta that the failure to place a traffic signal at an intersection is a discretionary act. Therefore, an accident resulting from the lack of such signal cannot be the basis for an action against the local governmental entity. In *LaFever,* we stated that "[a] governmental decision to provide or not to provide traffic control cannot ground a cause of action," 88 Nev. at 284, 496 P.2d at 750, and in *Crucil* we restated this view:

> While the respondent city's initial decision to provide traffic control was a discretionary act, *see* LaFever v. City of Sparks, 88 Nev. 282, 496 P.2d 750 (1972), once the decision to install the stop sign had been made and acted upon, the city's duty to maintain that sign became an operational one. Thus, NRS 41.032(2) is not applicable.

95 Nev. at 585-586, 600 P.2d at 218.

We are not convinced otherwise by our holding in Foley v. City of Reno, 100 Nev. 307, 680 P.2d 975 (1984). In *Foley,* we stated:

> The decision to construct the intersection and to install the crosswalk may have been a discretionary decision, but once that decision was made the City was obligated to use due care to make certain that the *intersection* met the standard of reasonable safety for those who chose to use it.

100 Nev. at 309, 680 P.2d at 976 (emphasis added). In that case, we were concerned that in the construction of the crosswalk, the city must meet reasonable safety standards. Use of the word "intersection" in *Foley* might be misleading. The quoted language would state the holding more precisely if it were to read, "the City became obligated to use due care to make certain that the *pedestrian crosswalk* met the standard of reasonable safety for those who chose to use it." Therefore, *Foley* is not controlling in this case.

Nevada Power argues that even if the decision to install traffic controls at the construction of an intersection is discretionary, that the municipality thereafter had an affirmative non-discretionary duty to install controls once it learned that the intersection is dangerous. However, if we adopted such a rule, it would place an enormous burden on the municipalities in this state. In rapidly growing areas, new traffic controls might be helpful at many existing intersections. A municipality must determine what funds are available to install traffic signals and where controls are needed most. Therefore, this is a matter where the county must have discretion. If we adopted the reasoning of Nevada Power, we would place a tremendous duty on our municipalities and abrogate the immunity given to them by NRS 41.032(2). This we decline to do.

Consistent with the above reasoning, we hold that the decisions concerning the traffic controls at an intersection are discretionary. Municipalities are immune from liability based on the failure to install those controls at either a newly constructed or an existing intersection. The order of the district court is affirmed.

STEFFEN and YOUNG, JJ., concur.

MOWBRAY, C. J., dissenting:

Questions of negligence are properly brought before a jury or finder-of-fact. The present case never made it to a jury because the district court ruled that immunity barred the action. The district court was wrong.

The present action centers around an accident that occurred at the intersection of Claymont Street and Flamingo Road in Clark

County, Nevada. Prior to the date of the accident, respondent, Clark County, received numerous reports from the Las Vegas Metropolitan Police Department and the Nevada Department of Transportation, as well as various citizens and groups of citizens, regarding the hazardous nature of the intersection in question. Clark County ignored these reports. The present accident ensued and appellants brought a third-party complaint against Clark County.

Clark County moved to dismiss the action based upon NRS 41.032(2) which confers immunity to governmental entities for failure to exercise a discretionary function. Respondent contended that the installation of traffic control devices was discretionary, even where the intersection was known to be hazardous. The district court agreed.

I conclude that immunity is not present in the instant case. Determination as to whether traffic control devices should be installed are essentially operational in nature. *See* Foley v. City of Reno, 100 Nev. 307, 309, 680 P.2d 975, 976 (1984) (decision to construct intersection discretionary, but once the decision was made, city was obligated to maintain standard of reasonable safety); State v. Webster, 88 Nev. 690, 693-694, 504 P.2d 1316, 1319 (1972) (once decision to construct controlled-access freeway was made, state had obligation to maintain reasonable standard of safety); Harrigan v. City of Reno, 86 Nev. 678, 680, 475 P.2d 94, 95 (1970) (once having decided to construct parking lot, city was obligated to maintain reasonable standard of safety). Since such decisions are operational rather than discretionary, NRS 41.032(2) does not apply.[1]

The issue of negligence should be presented to a jury. This is particularly true where the city allegedly knew of the hazardous nature of the intersection and failed to take action. *See* Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985) (immunity will not bar actions based on the public entity's failure to act reasonably after learning of a hazard). To cloak the city with immunity under such circumstances is unwise and unfair.

I would reverse the order of the district court and allow appellants to proceed on their original cause of action.

SPRINGER, J., dissenting:

I agree with the majority that a governmental decision to place

---

[1]The majority concludes that dicta in *Crucil* and *LaFever* bars suit against a municipality for failure to install a traffic signal. However, *Crucil* merely cites to *LaFever,* and *LaFever* is inapplicable as it deals with another issue entirely (mandatory assignment of a traffic control officer to direct traffic). Thus, the court is free to adopt the more enlightened approach suggested by *Foley, Webster,* and *Harrigan.*

or not to place a traffic control device is a discretionary decision and veiled with immunity.

In addition to its claim against the county for its failure to install traffic signals at the intersection, Nevada Power avers that the county had notice of the existence of a dangerous traffic condition at the intersection and that it failed to act timely and reasonably in correcting a known danger.

Other jurisdictions have recognized tort claims against governmental entitles based on the unreasonable failure to heed known dangers. In Baldwin v. State, 491 P.2d 1121 (Cal. 1972), the court noted that "design immunity persists only so long as conditions have not changed. Having approved the plan or design, the governmental entity may not, ostrich-like, hide its head in the blueprints, blithely ignoring the actual operation of the plan." The city's decision to allocate its resources in a manner that did not include installation of a traffic signal at the stated intersection may not subject the city to tort liability, but this does not mean that the city can, after making such a decision, "hide its head" and fail to heed notice that the intersection thereafter presented an ongoing danger in its uncontrolled state. Teall v. City of Cudahy, 386 P.2d 493 (Cal.App. 1963). For this reason, if Nevada Power can establish its claim that the county had notice that a dangerous condition existed at the intersection because of lack of traffic controls, then the county should be held liable if it failed to act reasonably to eliminate a persistently dangerous condition.