SUSAN M. HOOK, Appellant, *v.* ROBERT ALLEN GIURICICH, and NEVADA STAR CAB CORPORATION, Respondents.

No. 21819

January 6, 1992                                    823 P.2d 294

*Jason A. Awad and Associates* and *Michael V. Dentico,* Las Vegas, for Appellant.

*Wells, Kravitz, Schnitzer, Sloan & Lindsey,* Las Vegas, for Respondents.

# OPINION

*Per Curiam:*

The question on appeal is whether two closely related taxicab corporations are joint venturers, thus sharing immunity for worker's compensation purposes. We hold that summary judgment was inappropriate in light of the facts presented to the district court.

## FACTS

On July 8, 1987, appellant Susan Hook (Hook) was driving a taxicab owned and operated by Nevada Yellow Cab Corporation (Yellow Cab) in the course of her employment. Another taxicab driven by respondent Robert Giuricich (Giuricich) and owned and operated by respondent Star Cab Corporation (Star Cab) struck Hook's vehicle from the rear. Hook brought suit against Star Cab and Giuricich under common law tort theories. Hook has received $47,740.36 in compensation from the State Industrial Insurance System (SIIS) as of April 30, 1989.

Star Cab filed a motion for summary judgment, seeking immunity provided to employers and co-employees under NRS 616.270[1] and NRS 616.560,[2] respectively. Star Cab contends that Yellow Cab and Star Cab are conducting business as a joint

---

[1]NRS 616.270 provides in relevant part:

> Employers to provide compensation; relief from liability.
> 1. Every employer within the provisions of this chapter, and those employers who shall accept the terms of this chapter and be governed by its provisions, as in this chapter provided, shall provide and secure compensation according to the terms, conditions and provisions of this chapter for any and all personal injuries by accident sustained by an employee arising out of and in the course of employment.
> . . . .
> 3. In such cases the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury, unless by the terms of this chapter otherwise provided.

[2]NRS 616.560 provides in relevant part:

> Liability of third parties for damages . . . .
> 1. When an employee coming under the provisions of this chapter

venture, and thus the statutory immunity provided to Yellow Cab extends to Star Cab as an employer and extends as well to Giuricich as a co-employee of Hook. The district court granted summary judgment to Star Cab, finding that Yellow Cab and Star Cab are treated as a single employer by SIIS and are therefore both employers of Hook. The court thereby limited Hook's recovery to the sole benefits provided by SIIS.

Hook appeals the grant of summary judgment, contending that there is a substantial and material issue of fact as to whether Star Cab and Yellow Cab are joint ventures. We agree.

## DISCUSSION

Summary judgment is only appropriate when, after a review of the record viewed in a light most favorable to the non-moving party, there remain no issues of material fact. Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985). On appeal, this court determines whether the district court erred in concluding that there was an absence of genuine issues of material fact. Bird v. Casa Royale West, 97 Nev. 67, 68, 624 P.2d 17, 18 (1981).

This court has defined a joint venture as "a contractual relationship in the nature of an informal partnership wherein two or more persons conduct some business enterprise, agreeing to share jointly, or in proportion to capital contributed, in profits and losses." Bruttomesso v. Las Vegas Met. Police, 95 Nev. 151, 154, 591 P.2d 254, 256 (1979). A joint venture is a less formal relationship than a partnership and is typically an association entered into to perform a more limited business objective for a more brief period of time. Fredrickson v. Kluever, 152 N.W.2d 346, 348 (S.D. 1967). A joint venture is less permanent than a partnership and is usually limited to a single business project. Baker Farmers Co. v. Harter, 328 N.E.2d 369, 372 (Ill.App.Ct.).

This court has held that where the evidence of a joint venture is uncontroverted and one joint venturer is immune from suit by virtue of being enrolled in SIIS, the other joint venturers are also

---

receives an injury for which compensation is payable under this chapter and which injury was caused under circumstances creating a legal liability in some person, *other than the employer or a person in the same employ,* to pay damages in respect thereof . . . .

(Emphasis added.)

immune from suit. Haertel v. Sonshine Carpet Co., 104 Nev. 331, 335, 757 P.2d 364, 366 (1988). The burden of proof is upon the employer to prove a joint venture where the employer is seeking immunity from a common law tort action. Placing the burden of proof on the employer is necessary in order to avoid self-serving claims of joint ventureship.

In the case at hand, there was no evidence before the district court indicating whether Yellow Cab and Star Cab shared profits or losses. The district court made no findings regarding whether Yellow Cab and Star Cab entered into a relationship for a brief undertaking of a single business project. Rather, the district court granted summary judgment to the cab companies, finding a joint venture solely on the fact that SIIS maintains one account for both Star Cab and Yellow Cab.

Summary judgment was unwarranted in this case as a joint venture was not established from uncontroverted facts. With the evidence before the district court, there remained substantial issues of material fact: whether Yellow Cab and Star Cab satisfied the criteria for a joint venture as discussed in this opinion.

## CONCLUSION

The judgment of the district court is reversed, along with the award of attorney's fees and costs to respondents, and the case is remanded for further proceedings consistent with this opinion.

MOWBRAY, C. J., ROSE, STEFFEN and YOUNG, JJ., and HUFFAKER, D. J.,[3] concur.