142 F.3d 444
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clara PALM, individually and as surviving parent of Anthony
Robert Palm, deceased, Plaintiff-Appellant,
v.
Las Vegas Metropolitan Police Department; Clark County;
Merl Sage, Defendants-Appellees.
 No. 97-15896.
D.C. No. CV-95-01283-LDG.
 United States Court of Appeals,
Ninth Circuit.
 Submitted** March 17, 1998.
Decided April 22, 1998.
 
 Appeal from the United States District Court for the District of Nevada Lloyd D. George, Senior District Judge, Presiding.
 Before CHOY, SNEED, WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Clara Palm appeals the district court's order dismissing certain defendants and claims and granting the defendants' motion for summary judgment in her civil rights action against defendants Clark County ("County"), the Las Vegas Metropolitan Police Department ("LVMPD"), and Officer Merl Sage ("Sage").[1] In that action, Palm alleged that Sage used excessive force in fatally shooting her son, Anthony Palm. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I. Dismissal
 
 3
 We review de novo a district court's dismissal for failure to state a claim. See Tyler v. Cisneros, 136 F.3d 603, 607 (9th Cir.1998). "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." Id. Because the parties are familiar with the facts of this case, we need not recount them here.
 
 A. Clark County
 
 4
 The district court dismissed the County as a defendant in this action, holding that, as a matter of law, it could not be held liable for the actions or policies of the LVMPD. Palm contends that the County is liable because it is directly responsible for the proper training and supervision of the LVMPD's employees. We agree with the district court.
 
 
 5
 A county may be held liable under § 1983 "only where its policies are the 'moving force [behind] the constitutional violation ." ' City of Canton v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (quoting Polk County v. Dodson, 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)). In this case, the County's only control over the LVMPD is budgetary supervision through the police commission. See Nev.Rev.Stat. § 280.190-270 (1987). The LVMPD and the County are separate entities--the policies of the latter are not the "moving force" behind the actions of the former. See Nev.Rev.Stat. § 280.280 (1987). Consequently, the County cannot be held liable for the actions or policies of the LVMPD. Cf. Bruttomesso v. Las Vegas Metro. Police Dep't, 95 Nev. 151, 591 P.2d 254, 255-56 (Nev.1979).
 
 B. Punitive Damages Claim
 
 6
 The district court also dismissed Palm's claim for punitive damages against the LVMPD. Palm argues that the LVMPD is responsible for any punitive damages because Sage's actions were willful, wanton, and reckless. Once again, we agree with the district court.
 
 
 7
 In a § 1983 suit, a municipality may not be held liable for punitive damages unless expressly authorized by statute. See Newport v. Fact Concerts, Inc., 453 U.S. 247, 260 n. 21, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Nevada law is unambiguous: An award for damages in a tort action against employees of the state or any political subdivision may not include punitive damages. See Nev.Rev.Stat. § 41.035 (1995). Palm's reliance on Nev.Rev.Stat. § 41.032 is misplaced because that statute deals with immunity, not punitive damages. Accordingly, the district court did not err when it dismissed Palm's claim for punitive damages against the LVMPD.
 
 II. Summary Judgment
 
 8
 We review a grant of summary judgment de novo. See Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). We must determine "whether the evidence, viewed in a light most favorable to the nonmoving party, presents any genuine issues of material fact and whether the district court correctly applied the law." Id.
 
 
 9
 The district court granted the defendants' motion for summary judgment on the ground that Sage's actions did not amount to an unconstitutional use of force. Palm contends that there are multiple genuine issues of material fact as to whether Sage used excessive force against Anthony Palm. After reviewing the record, we conclude that summary judgment was properly granted.
 
 
 10
 A § 1983 claim requires: (1) a violation of rights protected by the Constitution (2) by someone acting under color of state law. See Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.1986). Claims against police officers for the use of excessive force are analyzed under the Fourth Amendment's "objective reasonableness" standard. See Graham v. Connor, 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). In determining reasonableness, it must be remembered that "police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." Id. at 397. A police officer has a right to use such force, including deadly force, as is necessary under the circumstances to protect himself and others from what he reasonably believes to be a threat of great bodily injury or harm. See Tennessee v. Garner, 471 U.S. 1, 11, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985); Acosta v. City & County of San Francisco, 83 F.3d 1143, 1145 n. 3 (9th Cir.1996).
 
 
 11
 Palm first argues that Sage's use of deadly force was unjustified because her son was not armed at the time of the shooting. It is clear, however, that a suspect need not have a weapon to pose a threat to an officer. See Forrett v. Richardson, 112 F.3d 416, 420 (9th Cir.1997) ("[T]he suspect need not be armed or pose an immediate threat to the officers or others at the time of the shooting."), cert. denied, --- U.S. ----, 118 S.Ct. 1366, 140 L.Ed.2d 515, 1998 WL 138889 (U.S. Mar. 30, 1998) (No. 97-7069). The relevant inquiry is whether Sage could have reasonably believed that either he or the victim was threatened with great bodily injury or harm. See Garner, 471 U.S. at 11.
 
 
 12
 Every witness to the events in question stated that they saw Anthony Palm either move toward or lunge at Sage after Sage ordered him to move away from the victim, Patricia Woodall. Sage had just witnessed Anthony Palm brutally attack and rape Woodall. Given the serious injuries suffered by the victim, Sage had good reason to believe that Anthony Palm was violent and that deadly force was needed to control the situation. Under these circumstances, he acted reasonably when he fatally shot Anthony Palm. Palm's submission of criminologist R. Paul McCauley's affidavit does not create a triable issue of material fact because the affidavit neither disputes the various accounts of the witnesses nor precludes the likelihood that Anthony Palm was advancing toward Sage.
 
 
 13
 Palm also argues that Sage's actions were unreasonable because they contravened the guidelines and policies of the LVMPD regarding the use of deadly force. It is true that Sage did not identify himself as an officer or state his intention to shoot. The LVMPD guidelines, however, require those actions only "whenever feasible." In this case, Anthony Palm forced Sage to act quickly when he advanced toward the officer. As Sage testified, he did not have the opportunity to identify himself before he had to act; it was not "feasible" for him to announce that he was a police officer. Moreover, the fact that Sage's gun was drawn gave at least some indication to Anthony Palm of Sage's intention to shoot. Thus, Sage did not act in contravention of the LVMPD's guidelines and policies.
 
 
 14
 Finally, Palm argues that Sage's actions were unreasonable because they were racially motivated. The only evidence offered in support of this claim is the transcript of Sage's 911 call: "A black is raping a female across the street." This evidence is grossly insufficient to show that Sage's response was racially motivated. In the absence of other evidence showing racial motivation, Palm fails to create a triable issue of material fact.
 
 
 15
 In light of the foregoing, we are convinced that Sage did not use unconstitutional force.[2] See Graham, 490 U.S. at 388. He acted reasonably under the circumstances of this unfortunate case. Palm has failed to show any genuine issues of material fact. Thus, the district court did not err when it granted the defendants' motion for summary judgment.
 
 
 16
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Clara Palm does not appeal the district court's dismissal of her 42 U.S.C. § 1985(3) claim against Sage
 
 
 [2]
 Because we conclude that there was no constitutional violation, we need not reach the municipal liability issue. See Scott v. Henrich, 39 F.3d 912, 916 (9th Cir.1994)