**Terry Lee SCHNEIDER, Plaintiff,**

v.

**ELKO COUNTY SHERIFF'S DEPARTMENT; County of Elko; Elko Justice Court; Steven Allen Burns; Mike Odderstrom; Neil Harris; and Does I–XX, Defendants.**

**No. CV–N–96–548–ECR.**

United States District Court,
D. Nevada.

Aug. 6, 1998.

David D. Loreman, Elko, NV, for Plaintiff.

Thomas P. Beko, Erickson, Thorpe & Swainston, Ltd., Reno, NV, for Defendants.

*ORDER*

EDWARD C. REED, Jr., District Judge.

Defendants in this 42 U.S.C. § 1983 action have moved (# 38) for attorney's fees, which Plaintiff has opposed (# 41) and as to which Defendants have replied (# 43). For the reasons outlined below this motion is GRANTED IN PART.

**BACKGROUND**

On November 1, 1994, Plaintiff was found guilty in Elko Justice Court of Obstructing a Public Officer, based on the events surrounding his arrest during the early morning of September 3, 1994. These events form the basis of Plaintiff's claim that the arresting officer, Defendant Deputy Burns, used excessive force against him. Deputy Burns moved for summary judgment, which we granted.

Order (# 34). Mr. Schneider also alleged several causes of action against other defendants: unlawful search and seizure, conspiracy, and infliction of emotional distress, against Elko County, Elko County Sheriff's Department, Elko Justice Court, Mike Odderstram, and Neil Harris. Defendants moved for partial summary judgment as to these remaining claims; the motion was unopposed and was accordingly granted. Order (# 20). Defendants have now filed a motion (# 38) for attorney's fees as prevailing defendants, which motion is ripe.

**DISCUSSION**

**I. Plaintiff's Opposition**

We first address Plaintiff's arguments in opposition to Defendants' motion. Plaintiff does not argue that Defendants' requested fees are unreasonable—he only argues that Defendants have no legal basis for a fee award.

■ Procedurally, this argument is incorrect. The motion for fees was filed within 14 days of entry of judgment, as required by Local Rule 54–16, we have jurisdiction to consider a motion for fees notwithstanding Plaintiff's pending appeal, and Defendants need not move to amend our Judgment (# 35) incident to their motion for attorney's fees. *White v. New Hampshire Dep't of Employment Security,* 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982); *Historical Research v. Cabral,* 80 F.3d 377, 379 (9th Cir.1996); *Cazares v. Barber,* 959 F.2d 753, 756 (9th Cir.1992). Moreover, Fed.R.Civ.P. 56(a) permits Defendants to move for summary judgment 20 days after the commencement of the action; that Defendants moved for summary judgment before the close of discovery could have formed the basis of a Rule 56(f) argument, but Plaintiff did not raise such an argument as to Defendants' motion for partial summary judgment. Consequently, Defendants' motions were not "premature." Opp'n at 3(# 41).

Substantively, Plaintiff's Opposition is either conclusory or unsupported or both, since he offers no evidence to back up his assertions. We have reviewed the record and conclude that the only evidence supporting

this action is found in Plaintiff's Opposition (# 29) to Deputy Burns' motion for summary judgment and in the Verified Amended Complaint (# 8). The propriety and magnitude of attorney's fees hinges on the content of these papers in light of the applicable legal standard.

## II. Legal Standard

Both sides apparently agree that we may only award reasonable attorney's fees to a prevailing defendant under 42 U.S.C. § 1988 where the plaintiff's claims were "unreasonable, frivolous, meritless, or vexatious." *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir.1998); *see also Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) ("frivolous, unreasonable or without foundation, even though not brought in subjective bad faith"). Examples of such claims at the trial level are those as to which reasonable inquiry was not made and which are insufficient as a matter of law, *Margolis*, 140 F.3d at 854, those invoking causes of action which do not provide liability against the defendants, *Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997), those which seek money damages from defendants with immunity, *Franceschi v. Schwartz*, 57 F.3d 828, 832 (9th Cir.1995), and those as to which there is "no evidence" supporting them, *Evers v. County of Custer*, 745 F.2d 1196, 1199 (9th Cir.1984). Furthermore, although the plaintiff's indigence is not a complete bar to an award of attorney's fees, courts must nonetheless consider the plaintiff's ability to pay in setting the fee award. *Patton v. County of Kings*, 857 F.2d 1379, 1382 (9th Cir.1988). Finally, a prevailing party is entitled to fees arising from pursuit of a motion for fees. *See Margolis*, 140 F.3d at 855.

## III. Application

Preliminarily, we make three observations. First, Plaintiff does not dispute that Defendants prevailed in this action, and that we therefore possess the discretion to award them reasonable attorney's fees. 42 U.S.C. § 1988. Second, Plaintiff's excessive force claim against Deputy Burns, though ultimately unsuccessful, was in no sense frivolous, as discussed in our Order (# 34), nor (upon close reading of the present motion) do

Defendants assert that it was. *See Jensen v. City of San Jose*, 806 F.2d 899, 901 (9th Cir.1986) (there exists a "middle ground where failing claims—non-frivolous and made in good faith—are not entitled to attorney's fees"). Third, although one of Plaintiff's claims was based on state law, this does not bar an award of attorney's fees under Section 1988 to the party prevailing on that state law claim where the party also prevailed on at least one Section 1983 claim. *Mateyko v. Felix*, 924 F.2d 824, 828 (9th Cir.1990). Since Defendants do not seek attorney's fees under state law, we will analyze the present motion only under 42 U.S.C. § 1988.

### A. Defendants Elko Justice Court and Elko County Sheriff

Defendants correctly note that a Nevada sheriff's department lacks the capacity to be sued under Nevada law. Nevada defines a political subdivision as a "community action agency" as defined in the now-repealed 42 U.S.C. § 2790. Nev.Rev.Stat. 41.0305. 42 U.S.C. § 2790, in turn, defined a community action agency as one with the power to enter into contracts, to receive and administer funds, and to delegate powers to other agencies. Economic Opportunity Amendments of 1967, Secs. 210(a)(1) & 212(a), 81 Stat. 691–94 (1967). A Nevada county falls within this definition, but not a sheriff's department. As a practical matter, a judgment against a sheriff's department is a judgment against the corresponding county. Sheriffs are constitutional officers, but nothing in either the Nevada Constitution or the Nevada Revised Statutes gives sheriff's departments the power to tax or otherwise receive and disburse funds, to enter into contracts, or to delegate power to other agencies. Nev. Const. Art. 4, § 32; Nev. Rev.Stat. 248.010. In short, with one apparent exception a sheriff's department has no legal authority to sue or be sued.

The apparent exception is Nev.Rev.Stat. 41.0336, which states that a "law enforcement agency" is not liable for the negligence of its officers unless the officer made a promise to a plaintiff who relied on the promise, or unless the officer affirmatively caused the plaintiff's injury. The Nevada Supreme

Court has recognized this statute as a codification of *Frye v. Clark County*, 97 Nev. 632, 637 P.2d 1215 (1981), which was itself an enunciation of the common law exceptions to the "public duty doctrine." *Coty v. Washoe County*, 108 Nev. 757, 839 P.2d 97, 98–99 (1992). The language of the statute suggests that the Elko County Sheriff's Department (as a "law enforcement agency") may be sued for, at minimum, negligent infliction of emotional distress. The two Nevada Supreme Court cases to have been presented with the question of a sheriff's department's capacity to be sued under NRS 41.0336 completely ignored the issue. *Coty*, 839 P.2d at 98–99; *Snyder v. Viani*, 110 Nev. 1339, 885 P.2d 610, 613 (1994). Nor are there any published federal court opinions addressing this issue.

Nonetheless, we think the "law enforcement agency" language in the statute is just sloppy draftsmanship. Nothing else in Nevada law permits an administrative department of a county to sue and be sued in its own name. Moreover, the seminal case, *Frye*, refers to a "department" not in terms of the *liability* of the department, but in terms of the *duty* of the department. That is, *Frye* (from which the Nevada legislature derived NRS 41.0336) uses language similar to "law enforcement agency" not because such an agency may be held liable but because the duty to enforce the law is colloquially said to be that of the "sheriff's department" or "police department." Just as the duty to pull weeds in a county park is informally said to be that of the county parks department, but it would be silly to sue the parks department (as opposed to the county itself) for failing to pull weeds, it is just as silly to sue the county sheriff's department (as opposed to the county itself) for failing to perform its duty. The legislature's uncritical incorporation of this language into NRS 41.0336 is plainly an oversight.

Plaintiff's action against the Elko County Sheriff's Department is therefore frivolous, since under Nevada law the Sheriff's Department lacks the capacity to be sued. Fed. R.Civ.P. 17(b) (capacity to be sued is determined by state law). Plaintiff's claim against Elko Justice Court is also frivolous, but for a different reason. Assuming that it has the capacity to be sued (and there is some case law supporting this conclusion, *see Lippis v.*

*Peters*, 112 Nev. 1008, 921 P.2d 1248 (1996)), the Elko Justice Court possesses judicial and sovereign immunity from damages, the only relief Plaintiff seeks against it. *Franceschi*, 57 F.3d at 831; *Kinney v. Lenon*, 447 F.2d 596, 602 (9th Cir.1971) (judicial immunity); *O'Connor v. State of Nevada*, 686 F.2d 749, 750 (9th Cir.1982) (sovereign immunity). The principles of judicial and sovereign immunity are so well established today that any damages suit against a court or a judicial officer is surely frivolous.

## B. Conspiracy, Municipal Liability, and Supervisor Liability

Although there is no evidence in the record supporting Plaintiff's claims for conspiracy, municipal liability, or supervisory liability, this does not render these claims frivolous, unreasonable, meritless, or vexatious. Simply put, we would not expect to see any evidence in the record when the evidence is limited to a verified complaint and the claims were dismissed at the start of discovery, since these claims are ones for which supporting evidence is normally not in the hands of a plaintiff at the commencement of the action. Thus, although the lack of evidence is consistent with Defendants' assertion that these three claims are meritless, it is also consistent with Plaintiff's assertion that he never had the opportunity to prove them, and we conclude that these claims were not frivolous.

## C. False Arrest and Unlawful Search and Seizure

Giving Plaintiff the benefit of the doubt, it seems his claims for false arrest/false imprisonment and unlawful search and seizure are based on the events of July 1994 and October 1994. Specifically, in July 1994 Plaintiff's home was allegedly searched without warrant or probable cause, and in October 1994 Plaintiff was allegedly arrested without warrant or probable cause. Amended Compl. at 2–3(# 8). These allegations, by virtue of their evidentiary support in the Verified Amended Complaint, are sufficient to render Plaintiff's claims of false arrest, false imprisonment, and unlawful search and seizure non-frivolous.

## D. Infliction of Emotional Distress

The evidence adduced in opposition to Deputy Burns' motion for summary judgment is more than sufficient to demonstrate that Plaintiff's claim for infliction of emotional distress was non-frivolous.

## IV. Computation

█ What we are left with, then, are the frivolous claims against the Elko Sheriff's Department, apparently on a theory of municipal liability, and Elko Justice Court, apparently for mistakenly informing the Sheriff's Department that Plaintiff had failed to appear at his arraignment. Amended Compl. at 3(# 8). Since, as mentioned above, all claims including the one against these two entities but excluding the one for excessive force were dismissed on August 12, 1997(# 20), we will exclude from our calculation all fees incurred between August 12, 1997 and March 31, 1998, when we entered judgment in Defendants' favor—clearly, the fees incurred during this period could only have arisen from defense of the excessive force claim.

█ The procedure for setting a reasonable attorney's fee is outlined in *Morales v. City of San Rafael*, 96 F.3d 359, 363–65 & nn. 8–12 (9th Cir.1996): 1) determine the number of hours the prevailing party reasonably expended on the litigation (in light of the LR 54–16 factors [1]), 2) determine the reasonable hourly rate (in light of the LR 54–16 factors), 3) multiply the number of hours by the hourly rate to determine the "lodestar," and 4) if necessary to the setting of a reasonable fee, adjust the lodestar in light of the LR 54–16 factors not already taken into account. The adjustment in the fourth step is known as a "multiplier." *Guam Soc. of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 697 (9th Cir.1996). There is a strong presumption that the lodestar is the one reasonable fee. *Dague*, 505 U.S. at 562, 112 S.Ct. 2638; *Morales*, 96 F.3d at 363–64 & nn. 8–9. Where a plaintiff's success was "limited" the attorney's fees "must be reduced to reflect the limited degree of [ ] success," and although "[t]here is no precise

formula for determining the extent to which a party has prevailed," the difference between what is sought and what is recovered is not the only consideration. *LeMaire v. Maass*, 12 F.3d 1444, 1461 (9th Cir.1993); *see Morales*, 96 F.3d at 363.

In this case, step 4 is obviated because Defendants do not seek a multiplier. Moreover, Plaintiff does not challenge defense counsels' hourly rates, which we conclude are reasonable in any event—either $92.50 or $115.00 per hour for Mr. Beko, either $85.00 or $95.00 per hour for Mr. Bertone, and either $45.00 or $65.00 per hour for defense counsels' paralegal. Invoices (# 43, Ex. 10). This takes care of step 2.

The issue thus reduces to step 1: how much of the billed hours are reasonably attributable to working on the claims against the Elko County Sheriff's Department and Elko Justice Court? The most natural way to calculate this is by comparing the amount of the motion for partial summary judgment (# 15) devoted solely to legal argument regarding these entities' liability, to the amount devoted to legal argument on all other claims. Ignoring Defendants' boilerplate and preliminary comments, a total of 406 lines of text are devoted to Defendants' legal arguments, of which 19 are devoted to the Elko Sheriff's Department and Elko Justice Court. Mot. at 16(# 15). This gives us a ratio of 19 / 406 = 4.68%; that is, Defendants are entitled to attorney's fees in an amount equal to 4.68% of the billed fees for this case, less the fees billed between August 12, 1997 and March 31, 1998.

We summarize the billed fees based on the individual invoices (# 43, Ex. 10) in the record:

|  |  |  |
|---|---|---|
| to 4–17–97 | | 1,934.04 |
| 4–17–97 to 5–22–97 | | 8,206.04 |
| 5–22–9 7to 8–12–97: | Mr. Beko—10.00 × 115.00 = | 1,150.00 |
| | Mr. Bertone—0.40 × 85.00 = | 34.00 |
| | Paralegal—0.90 × 45.00 = | 40.50 |
| | Costs— | 333.77 |
| 3–31–98 to present: | Mr. Beko—8.45 × 115.00 = | 971.75 |
| | Mr. Bertone—18.5 × 95.00 = | 1,757.50 |
| | Paralegal—2.00 × 65.00 = | 130.00 |
| | Costs— | 0.00 |

Note that our "Costs" calculations exclude those costs for which Plaintiff has been taxed

[1]. In essence, LR 54–16 is a codification of the 12 *Kerr* factors. *Kerr v. Screen Extras Guild, Inc.,*

526 F.2d 67, 70 (9th Cir.1975).

but include those costs which were definitely not incurred between August 12, 1997 and March 31, 1998; for example, because we cannot tell when "long distance calls" were made, we have not included them in "Costs." Taxation (# 45).

The grand total of billed fees is $14,557.60. 4.68% of this is $681.30. We will therefore award fees to Defendants in this amount. We observe that because this amount is only about 20% of the costs taxed against Plaintiff, Plaintiff probably has the financial means to pay said fees.

***IT IS, THEREFORE, HEREBY OR-DERED THAT*** Defendants' motion for attorney's fees (# 38) is ***GRANTED IN PART*** in that Defendants are awarded fees in the amount of $681.30.