RICHARD JOSEPH WALSH, INDIVIDUALLY; MARGARET ANN WALSH, INDIVIDUALLY; AND RICHARD JOSEPH WALSH AND MARGARET ANN WALSH AS THE SURVIVING PARENTS, LEGAL REPRESENTATIVES AND HEIRS OF TERRANCE PATRICK WALSH, A DECEASED MINOR, APPELLANTS, *v.* CLARK COUNTY SCHOOL DISTRICT; CITY OF LAS VEGAS, NEVADA, A MUNICIPAL CORPORATION; CLARK COUNTY, NEVADA; AND FREDERICK FRYE, RESPONDENTS.

No. 5106

November 4, 1966                    419 P.2d 774

*Henry R. Gordon* and *Paul L. Larsen,* of Las Vegas, for Appellants.

*Harvey Dickerson,* Attorney General, of Carson City; *Edward G. Marshall,* Clark County District Attorney, and *Robert L. Petroni,* Deputy District Attorney, of Las Vegas, for Respondents.

**OPINION**

By the Court, THOMPSON, J.:

The issue on this appeal is whether the Clark County School District, a political subdivision of the State of Nevada, enjoyed governmental immunity from tort liability on March 7, 1965, when the cause of action precipitating this suit arose.[1] NRS 41.031, by which the legislature waived state immunity and that of its political subdivisions and consented to suit, became effective July 1, 1965. Since that law does not direct retrospective application (County of Clark v. Roosevelt Title Ins., 80 Nev. 530, 396 P.2d 844 (1964) ; State ex rel. Progress v. Dist. Ct., 53 Nev. 386, 2 P.2d 129 (1931) ; Wildes v. State, 43 Nev. 388, 187 P. 1002 (1920)), it may not be used to destroy governmental immunity in this case. We must decide the issue at hand on the law as it existed when the accident occurred.

1. The Nevada law regarding the rule of governmental immunity from tort liability was confused and uncertain before the enactment of NRS 41.031. The

---

[1]On that date a 7-year-old boy, Terrance Patrick Walsh, fell from the roof of a school while attempting to retrieve a kite which had come to rest there. He died soon thereafter because of injuries received from the fall. Suit was commenced. The lower court granted a motion to dismiss presented by the School District and this appeal followed.

latest judicial expression before legislative abolition was Hardgrave v. State, 80 Nev. 74, 389 P.2d 294 (1964), where the rule of immunity was applied to defeat a suit against the State. Only nine months earlier, immunity was denied a county. Rice v. Clark County, 79 Nev. 253, 382 P.2d 605 (1963). When placed side by side those two decisions are difficult, if not impossible, to harmonize (see dissenting opinion Hardgrave v. State, supra) and we shall not attempt to do so here. We prefer the rationale of Rice v. Clark County, supra, and the dissenting opinion of Hardgrave v. State, supra, and hold that the Clark County School District did not enjoy immunity from tort liability when the present cause of action arose.

2. It is suggested that NRS 386.010(5)[2] distinguishes this case from Rice v. Clark County, supra, in a material way. That statute provides: "Each school district shall have the power to sue and may be sued, but this legislative declaration in no way constitutes a waiver of immunity to tort liability, express or otherwise." That language does not create an immunity. Instead, it assumes the existence of an immunity which Rice v. Clark County, supra, in broad application declared nonexistent. Accordingly, we deem the statutory expression about immunity meaningless and ineffective. The balance of the statute, "Each school district shall have the power to sue and may be sued," is unimpaired. This opinion governs this case and other claims against school districts accruing before July 1, 1965, and which are not barred by limitations.

Reversed.

COLLINS, J., and ZENOFF, D. J., concur.

___

[2]NRS 386.010(5) was in effect when the instant cause of action arose.