AUGUST CRUCIL and ELEANOR B. CRUCIL, Appellants, *v.* CARSON CITY, a Consolidated Municipality, JOHN DOE I Through JOHN DOE V, BLACK COMPANY and WHITE COMPANY, and XYZ GOVERNMENTAL ENTITY, a Political Subdivision of the State of Nevada, Respondents.

No. 10046

September 21, 1979

600 P.2d 216

*Durney and Friedman,* Reno, for Appellants.

*Laxalt, Berry & Allison,* Carson City, for Respondents.

## OPINION

*Per Curiam:*

On September 4, 1976, appellants August and Eleanor Crucil were involved in a traffic accident when their automobile was struck by another automobile at the intersection of Edmonds Drive and Clearview Street in Carson City. Prior to the accident, a stop sign located at the intersection had been knocked down or otherwise removed.

The appellants filed a complaint against Carson City claiming negligence. In the complaint they alleged that, despite the actual and/or constructive knowledge that the stop sign was down, the city had negligently failed to replace the traffic control device or otherwise take any precautionary steps which were reasonably necessary for the safety of the public.

Pursuant to NRCP 12(b)(5), the respondent city filed a motion to dismiss the appellants' complaint for failure to state a claim upon which relief could be granted. In its Memorandum of Decision, the district court treated the allegation of respondent's actual knowledge of the removal of the stop sign as a conclusion of law. The district court held that such a statement was not a factual allegation and thus insufficient to support a claim for relief. Having eliminated that allegation from the complaint, the district court treated the complaint as alleging only that the respondent city failed to *discover* the downed stop sign. Since the district court had perceived the complaint as stating a claim for failure to discover the downed stop sign, that court found NRS 41.033[1] to be dispositive of the matter and dismissed the complaint with prejudice. This was error.

---

[1] NRS 41.033 provides:

"No action may be brought under NRS 41.031 or against an officer or employee of the state or any of its agencies or political subdivisions which is based upon:

1. Failure to inspect any building, structure or vehicle, or to inspect the construction of any street, public highway or other public work to determine any hazards, deficiencies or other matters, whether or not there is a duty to inspect;

2. Failure to discover such hazard, deficiency or other matter, whether or not an inspection is made."

Appellants' complaint was sufficient on its face to set forth a valid claim upon which relief could be granted. A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief", NRCP 8(a). In this regard, the pleading of conclusions, either of law or fact, is sufficient so long as the pleading gives fair notice of the nature and basis of the claim. Taylor v. State and Univ., 73 Nev. 151, 152, 311 P.2d 733, 734 (1957).

By alleging that the respondent city had actual knowledge of the downed condition of the stop sign, appellants have given fair notice to the city of the nature and basis of their negligence claim. Discovery and other pretrial procedures may disclose relevant statements and possibly other facts which would be sufficient to support the conclusion that the city had knowledge of the downed sign. For pleading purposes, though, appellants' complaint satisfies the requirements of NRCP 8.

The respondent city, however, suggests that, even if the complaint may be sustained, the city is immunized from liability by the operation of NRS 41.033 and NRS 41.032(2)[2]. We do not agree.

Appellants' claim alleges that the respondent city had knowledge of the hazard and failed to act reasonably after discovering it. By contrast, NRS 41.033 grants immunity in cases where the state, its agencies or political subdivisions has failed to inspect or to discover a particular hazard. *See* Fischmann v. City of Henderson, 92 Nev. 659, 556 P.2d 923 (1976). Accordingly, NRS 41.033 has no application to the instant case.

Likewise, NRS 41.032(2) does not bar the instant suit. This section bars actions based upon the purely discretionary acts of the state, its agencies or political subdivisions. *See* State v. Silva, 86 Nev. 911, 478 P.2d 591 (1970); Harrigan v. City of Reno, 86 Nev. 678, 475 P.2d 94 (1970). While the respondent city's initial decision to provide traffic control was a discretionary act, *see* LaFever v. City of Sparks, 88 Nev. 282, 498 P.2d

[2]NRS 41.032 provides in pertinent part:

"No action may be brought under NRS 41.031 or against an officer or employee of the state or any of its agencies or political subdivisions which is:

. . . .

2. Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the state or any of its agencies or political subdivisions or of any officer or employee of any of these, whether or not the discretion involved is abused."

750 (1972), once the decision to install the stop sign had been made and acted upon, the city's duty to maintain that sign became an operational one. Thus, NRS 41.032(2) is not applicable.

We conclude that the appellants should be given the opportunity to present their claim. Therefore, the order granting dismissal was in error and, accordingly, we reverse.