C.J. LOTTER, Appellant, *v.* CLARK COUNTY, NEVADA, BY AND THROUGH ITS BOARD OF COMMISSIONERS; JAY BINGHAM, PAUL CHRISTENSEN, MANUEL J. CORTEZ, THALIA M. DONDERO, KAREN HAYES, WILLIAM PEARSON and BRUCE WOODBURY, Respondents.

No. 20339

June 8, 1990                                          793 P.2d 1320

*Hunterton & Naylor* and *Cindy Lee Stock,* Las Vegas, for Appellant.

*Edwards, Hunt, Hale & Hansen* and *Trevor Lee Atkin,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order granting Clark County's motion for summary judgment. For the reasons set forth below, we reverse.

### Facts

Appellant Carlos J. Lotter purchased a home on or about May 16, 1986, and shortly thereafter discovered numerous structural defects. The home's framing had been inspected by and received final approval from the Clark County Department of Building and Safety on July 16, 1973. On May 27, 1987, Lotter filed an action against the seller, real estate broker, real estate agent, and respondent Clark County, Nevada. Clark County subsequently moved for summary judgment, arguing that: (1) pursuant to NRS 41.033, it is immune from liability for failure to inspect or negligent inspection; and (2) Lotter's claim is barred because the

applicable statute of repose, NRS 11.204, has long since run. Without stating the basis for its decision, the district court granted Clark County's motion for summary judgment. That order was certified as a final judgment pursuant to NRCP 54(b) and this appeal ensued.

## Discussion

Clark County contends that it is immune from suit pursuant to NRS 41.033.[1] We disagree. NRS 41.033 provides immunity from liability in actions based upon failure to inspect or negligent inspection. However, as we stated in Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985):

> If the County had knowledge of the defects, the County owed a duty to take action as a result of the discovery of the deficiencies. Immunity will not bar actions based upon the public entity's failure to act reasonably after learning of a hazard.

Here, Lotter's complaint alleges that: "Any inspection of said premises as purportedly made by the [Clark County] DEPARTMENT [of Building and Safety] would have led to the immediate discovery of the above defects." Thus, Lotter has alleged that Clark County inspectors knew of the structural defects in the home but nevertheless approved its construction. NRS 41.033 does not immunize such conduct.

To support the allegation that Clark County inspectors approved the home's framing with knowledge of its defects, Lotter submitted the affidavit of James Abell, superintendent of construction for M. J. Levan Construction Company, the contractor hired by Lotter to effect repairs to the home. Abell averred that the first floor was structurally inadequate to support the weight, that supporting trusses sagged as much as five inches, certain trusses weren't blocked, beams were sagging, beam footings were missing, and that certain trusses and beams were overspanned. Abell stated that in his opinion, these deficiencies

---

[1]NRS 41.033 provides:

Conditions and limitations on actions: Failure to inspect or discover. No action may be brought under NRS 41.031 or against an officer or employee of the state or any of its agencies or political subdivisions which is based upon:

1. Failure to inspect any building, structure or vehicle, or to inspect the construction of any street, public highway or other public work to determine any hazards, deficiencies or other matters, whether or not there is a duty to inspect; or

2. Failure to discover such hazard, deficiency or other matter, whether or not an inspection is made.

rendered the home dangerous and uninhabitable, and that the structure should not have been passed by a building inspector.

In ruling on a motion for summary judgment, the district court is obligated to construe the pleadings, evidence, and the inferences which follow from the evidence in the light most favorable to the non-moving party. *See, e.g., Butler,* 101 Nev. at 451, 705 P.2d at 663; Kroeger Properties v. Board County Comm'rs, 101 Nev. 583, 584, 707 P.2d 544, 545 (1985).

The inferences which follow from Abell's affidavit are that the defects in the structure were plainly visible to anyone with knowledge of the applicable code requirements, and that the structure failed to satisfy applicable building code requirements at the time Clark County inspectors approved the framing. Thus, as in *Butler, supra,* an issue of fact exists regarding whether Clark County inspectors approved the home's framing despite having knowledge of the defects; if so, NRS 41.033 immunity does not bar Lotter's claim.

Clark County alternatively contends that Lotter's claim is barred by NRS 11.204.[2] Again, we disagree.

At the latest, Lotter's home was substantially completed in July 1973. At that time, the applicable statute of repose was set forth at NRS 11.205. That statute protected certain classes of defendants by abolishing claims brought more than six years after substantial completion of an improvement to real property if the claim was based upon a deficiency in design, planning, supervision or observation of construction, or in the construction itself. *See* Nevada Lakeshore Co. v. Diamond Elec., Inc., 89 Nev. 293, 295-6, 511 P.2d 113, 114 (1973).

---

[2]NRS 11.204 provides in pertinent part:

Actions for damages for injury or wrongful death caused by deficiency in construction of improvements to real property: Latent deficiences.

1. Except as otherwise provided in NRS 11.202 and 11.203, no action may be commenced against the owner, occupier or any person performing or furnishing the design, planning, supervision or observation of construction, or the construction, of an improvement to real property more than 8 years after the substantial completion of such an improvement, for the recovery of damages for:

(a) Any latent deficiency in the design, planning, supervision or observation of construction or the construction of such an improvement;

(b) Injury to real or personal property caused by any such deficiency;
. . .

In 1983 we held that former NRS 11.205 violated the equal protection and due process clauses of the state and federal constitutions by arbitrarily excluding owners and material suppliers from its protective umbrella. State Farm v. All Electric, Inc., 99 Nev. 222, 660 P.2d 995 (1983).[3] Thus, former NRS 11.205 was void *ab initio;* it was of no effect, afforded no protection, and conferred no rights. Nevada Power v. Metropolitan Dev. Co., 104 Nev. 684, 686, 765 P.2d 1162, 1163-4 (1988). In 1983, the Nevada Legislature enacted the current statutes of repose, NRS 11.203-.205, which extend their protection to owners and occupiers of land.[4] We have subsequently held that these statutes may not be applied retroactively. Allstate Ins. Co. v. Furgerson, 104 Nev. 772, 776-7, 766 P.2d 904, 907-8 (1988).

By express language, the periods specified in NRS 11.203-.205 commence running upon substantial completion of an improvement to real property. Hence, a property owner's cause of action for damages resulting from negligent construction accrues at the time of substantial completion of the construction, and not at the time the injury is discovered. *See* Bicknell v. Richard M. Hearn Roofing, 318 S.E.2d 729, 732 (Ga.Ct.App. 1984). Thus, the cause of action in this case accrued in 1973, and the 1983 statutes of repose may not be applied retroactively to bar Lotter's claim. *Allstate Ins. Co.,* 104 Nev. at 776-7, 766 P.2d at 907-8.

Since the former and current statutes of repose are inapplicable in this case, the question is whether Lotter's cause of action is barred by the statute of limitations applicable to a claim based upon tortious injury to real property—NRS 11.220. We hold that it is not. The four year period specified in NRS 11.220 begins to run at the time the plaintiff learns, or in the exercise of reasonable diligence should have learned, of the harm to his property caused by a construction defect. Oak Grove Inv. v. Bell & Gossett Co.,

---

[3]We have subsequently ruled that a rational basis exists for distinguishing between owners, occupiers, architects and builders of improvements as opposed to manufacturers and material suppliers, and have overruled *State Farm* to the extent that opinion indicated otherwise. Wise v. Bechtel Corp., 104 Nev. 750, 753-4, 766 P.2d 1317, 1319 (1988).

[4]Former NRS 11.205 provided a six year limitations period applicable to any deficiency. The limitations periods provided in the amended statutes of repose are: (1) ten years for known deficiencies (NRS 11.203); (2) eight years for latent deficiencies (NRS 11.204); and (3) six years for patent deficiencies (NRS 11.205). Because we hold that the current statutes of repose may not be retroactively applied to bar Lotter's claim, we need not decide whether Clark County correctly identified NRS 11.204 as the statute applicable in this case.

99 Nev. 616, 621-3, 668 P.2d 1075, 1078-9 (1983). In the instant case, Lotter diligently discovered the defects in his home and commenced an action within the time period set forth in NRS 11.220.

In summary, Lotter's claim as alleged is not barred by the immunity provisions of NRS 41.033, nor is it barred by the limitations periods set forth in NRS 11.203-.205 or 11.220. The district court therefore erred in granting Clark County's motion for summary judgment. Accordingly, we reverse the order granting summary judgment and remand the case to the district court for further proceedings.