LINDA J. NARDOZZI, Appellant, *v.* CLARK COUNTY SCHOOL DISTRICT, a Political Subdivision of the State of Nevada, Clark County, Respondent.

No. 21727

January 2, 1992          823 P.2d 285

[Rehearing denied February 11, 1992]

*Jimmerson, Davis & Santoro,* Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy, Jemison & List* and *Greg W. Marsh* and *Daniel F. Polsenberg,* Las Vegas; *Donald H. Haight,* General Counsel, Clark County School District, Las Vegas; *Edwards, Hunt, Hale & Hansen* and *Trevor Atkin,* Las Vegas, for Respondent.

## OPINION

By the Court, ROSE, J.:

Appellant Linda Nardozzi (Nardozzi) slipped and fell at the entrance of Tomiyasu Elementary School, the property of respondent Clark County School District (CCSD). As a result of the fall, Nardozzi broke her ankle in several places. She filed suit against CCSD, alleging that it negligently failed to take safety precautions by keeping the floor dry on a rainy day. CCSD denied any knowledge of the alleged hazardous condition and claimed total immunity under NRS 41.033. The district court granted CCSD's motion for summary judgment. Nardozzi argues that the court erred because there are disputed issues of material fact and because implied knowledge is sufficient to circumvent the governmental immunity established in NRS 41.033.[1] *See* NRCP 56(e).

---

[1]CCSD argues that this court does not have jurisdiction to consider this appeal because Nardozzi filed notice of appeal before the district court entered its order denying rehearing. According to CCSD, a motion for rehearing is the functional equivalent to a motion under NRCP 59, which provides that an appeal is void when notice is filed before the formal disposition of any timely post-judgment motion filed under Rule 50(b), Rule

Based on her contention that implied notice is sufficient to circumvent the governmental immunity established by NRS 41.033, Nardozzi argues that material facts remain in dispute as to whether CCSD had implied notice of the hazardous condition. NRS 41.033 provides:

> Conditions and limitations on actions: Failure to inspect or discover. No action may be brought under NRS 41.031 or against an officer or employee of the state or any of its agencies or political subdivisions which is based upon:
>
> 1. Failure to inspect any building, structure or vehicle, or to inspect the construction of any street, public highway or other public work to determine any hazards, deficiencies or other matters, whether or not there is a duty to inspect; or
>
> 2. Failure to discover such hazard, deficiency or other matter, whether or not an inspection is made.

This court has held that immunity will not bar actions based upon a public entity's failure to act reasonably when the entity has express knowledge of a hazard. Lotter v. Clark Co. Bd. of Commissioners, 106 Nev. 366, 368, 793 P.2d 1320, 1322 (1990) (where county inspectors had knowledge of house's framing defects and approved framing despite those defects, NRS 41.033 providing immunity to county from liability to purchaser for negligent inspection or failure to inspect did not apply). Nardozzi argues that the Lotter holding applies to implied knowledge of the defect, because Mr. Lotter's complaint alleged that any inspection of the premises would have led to the immediate discovery of the defects. Lotter is distinguishable from the case at bar, however, because the basis of our decision was that there were sufficient facts presented to show that the inspection was actually made, and in so doing, it would have been impossible to have avoided actual knowledge of the defects. See also Crucil v. Carson City, 95 Nev. 583, 585, 600 P.2d 216, 217 (1979) (where automobile accident victims alleged that city had actual knowledge of downed condition of stop sign, complaint satisfied requirements of NRCP 8). In Crucil, the complaint alleged that the city had either actual and/or constructive knowledge of the hazardous condition. The court found that although NRS 41.033 grants immunity when the State has failed to inspect or discover a hazard, the statute does not apply in cases where the complaint

---

52(b) or Rule 59. A motion for rehearing cannot reasonably be construed as a motion to alter or amend the judgment pursuant to Rule 59(e). Alvis v. State, Gaming Control Bd., 99 Nev. 184, 186 n.1, 660 P.2d 980, 981 n.1 (1983). We therefore conclude that CCSD's argument lacks merit.

alleges actual knowledge of the hazard. Despite Nardozzi's interpretations of the relevant cases, the express knowledge exception to NRS 41.033 has not been extended to include situations in which the government had only implied knowledge of the condition. Therefore, we conclude that Nardozzi's argument lacks merit.

Nardozzi further argues that even if CCSD is immune from liability for implied knowledge, CCSD had actual notice of the hazardous condition. She asserts that a Clark County employee acknowledged that he had seen water on the floor of the entryway shortly before Nardozzi fell. That individual, however, was employed by the Clark County Parks and Recreation Program, not CCSD, and there is no evidence that he informed a CCSD employee of the hazardous condition. The school district and the county are separate entities with different governing boards. *See* Walsh v. Clark County School District, 82 Nev. 414, 419 P.2d 774 (1966). Therefore the knowledge of the Clark County employee cannot be imputed to CCSD. We hereby affirm the decision of the district court.

SPRINGER, STEFFEN and YOUNG, JJ., concur.

MOWBRAY, C. J., dissenting:

Respectfully, I dissent.

One purpose of NRS 41.031, Nevada's waiver of immunity statute, is to compensate victims of governmental negligence in circumstances like those in which victims of private negligence would be compensated. Harrigan v. City of Reno, 86 Nev. 678, 475 P.2d 94 (1970). Another purpose, often overlooked though equally important, is to encourage officers and employees of the state, state agencies and political subdivisions of the state to perform their duties using reasonable care. The majority today defeats both of these public policies. Not only does the majority deny appellant the opportunity to obtain compensation from the state for injuries that may well have resulted from governmental negligence, but in doing so, the majority unwittingly promotes "willful blindness" as a means by which the state can avoid tort liability. Officers and employees will now be encouraged to close their eyes to hazardous conditions they confront while performing their duties.

Appellant has alleged that respondent school district had actual knowledge of the hazardous pool of water inside the school building. Construing the pleadings and documentary evidence in favor of appellant, I perceive a genuine issue of material fact

concerning the school district's knowledge of the pool of water. *See* Wiltsie v. Baby Grand Corp., 105 Nev. 291, 774 P.2d 432 (1989). Moreover, a summary judgment motion should not be granted if there is any possibility that the factual aspects of the case will look different at trial from the evidence tendered in support of and against the motion. *See* Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Here, discovery and other pretrial procedures may well disclose additional evidence sufficient to persuade a trier of fact of the truth of appellant's allegation. Summary judgment was thus improper.