*1173 OPINION
By the Court,
Young, J.:

FACTS

On a hot September day in 1988, Jennifer Chastain (“Jennifer”), a student at the Clark County School District’s (“CCSD”) Booker Sixth Grade Center (“Booker”), played kick-ball with her P.E. class. Several students complained of the heat. While Jennifer’s team was up to kick, Mrs. Flanagan (“Flanagan”), Jennifer’s P.E. teacher, told Jennifer to sit in the shade of a nearby tree.
Jennifer sat in the shade of the tree on a block wall surrounding Booker’s sandbox. The bottom of this sandbox is concrete. One of Jennifer’s friends pushed Jennifer off the wall into the sandbox. Rather than land on a pile of soft sand, Jennifer landed on a hard object, apparently either a broken bottle or the wall’s concrete footing. As a result, Jennifer suffered spondylolisthesis which caused paralyzing pain and eventually required surgery.
Jennifer’s mother, Vickie, spoke with Jane Wisdom (“Wisdom”), Booker’s principal, who told Vickie that she had ordered sand for the sandbox at least five times. Vickie also spoke with *1174 Flanagan, who told Vickie that there was a constant problem with broken bottles in the sandbox. Flanagan stated in a deposition that Booker is used as a park and that debris is often found in the sandbox.
Jennifer filed suit, alleging that CCSD was negligent in allowing the broken bottles to remain in the sandbox and for failing to keep an adequate amount of sand in the sandbox. The complaint also alleges negligent supervision.
CCSD filed a motion for summary judgment. CCSD argued that an exception to the legislature’s waiver of sovereign immunity — NRS 41.033 — barred Jennifer’s action because CCSD had no notice of the alleged hazardous conditions prior to the accident.
In opposing summary judgment, Jennifer argued that CCSD did have knowledge of the lack of sand in the sandbox as evidenced by Wisdom’s statement that she had ordered sand at least five times. Jennifer introduced pictures depicting the sandbox with a dearth of sand and with the wall’s concrete footings clearly exposed. Further, Jennifer, relying on the fact that the custodian searched for and removed debris from the area on a daily basis, argued that CCSD had knowledge of the bottles in the sandbox.
During the hearing on CCSD’s summary judgment motion, the district court perceived two questions in issue. The first was whether CCSD had express knowledge of the presence of the hazardous conditions. The second was whether CCSD acknowledged that the conditions were in fact hazardous. CCSD argued that it did not have express knowledge that a sandbox low on sand constituted a hazard. CCSD also argued that it had nothing more than constructive notice with regard to the presence of the bottles.
Jennifer argued that the issue of whether CCSD acknowledged a lack of sand as a hazardous condition was not a requirement. If it were, argued Jennifer, CCSD and others similarly situated could avoid liability by simply denying that a condition is hazardous. Jennifer argued that the question of whether the condition was hazardous was a question for the jury. The district court, relying on our recent decision in Nardozzi v. Clark Co. School Dist., 108 Nev. 7, 823 P.2d 285 (1992), disagreed:
[U]nder Nardozzi . . . and under [NRS 41.033], the school district must have actual knowledge of the condition.
I also believe that [Nardozzi] stands for the principal [sic] [that] not only must [CCSD] have actual knowledge of the condition but [CCSD must] acknowledge it as a hazardous or dangerous condition ....
Accordingly, the district court granted CCSD’s motion for summary judgment, but stayed entry of the judgment for thirty *1175 days, purportedly to allow Jennifer to amend her complaint with regard to her negligent supervision claim. Jennifer did not amend her complaint and now appeals.

DISCUSSION

CCSD successfully argued that NRS 41.033, as interpreted by Nardozzi, 108 Nev. at 7, 823 P.2d at 285, precluded Jennifer’s action. Thus, we turn our attention to the applicability of NRS 41.033.[1]
I. NRS 41.033
A reading of NRS 41.033 reveals that it was designed to provide governmental agencies immunity for: (1) failing to inspect, whether or not a duty to inspect exists; or (2) failing to discover a hazard, whether or not an inspection is performed. As indicated by Nardozzi, NRS 41.033 does not provide immunity to the public entity if that entity fails to take reasonable action once it gains express knowledge of the hazard. Nardozzi, 108 Nev. at 9, 823 P.2d at 287 (citing Lotter v. Clark Co. Bd. of Commissioners, 106 Nev. 366, 793 P.2d 1320 (1990)); County of Clark v. Powers, 96 Nev. 497, 611 P.2d 1072 (1980); Crucil v. Carson City, 95 Nev. 583, 600 P.2d 216 (1979).
In Nardozzi, the appellant broke her ankle after slipping at a CCSD school. Nardozzi sued CCSD, alleging that CCSD was negligent for failing to keep the floor dry on a rainy day. CCSD denied any knowledge of the hazardous condition and claimed total immunity under NRS 41.033. The district court granted summary judgment in favor of CCSD. Nardozzi, 108 Nev. at 8, 823 P.2d at 286.
On appeal, Nardozzi argued that CCSD had implied knowledge of the existence of the hazard. This court affirmed the district court’s ruling, stating that “the express knowledge exception to NRS 41.033 has not been extended to include situations in which the government had only implied knowledge of the condition.” Nardozzi, 108 Nev. at 10, 823 P.2d at 287.
*1176 The query in the instant case, then, is whether or not CCSD had express knowledge of the existence of the hazardous conditions, i.e., the sandbox low on sand and the broken bottles therein.
A. Whether CCSD had express knowledge of the broken bottles in the sandbox.
CCSD had knowledge that bottles and other debris were frequent hazards in the sandbox. Flanagan told Vickie that the custodian customarily looked for such debris three times a day. However, neither the custodian, Wisdom, nor Flanagan admitted to having seen bottles in the sandbox the day Jennifer was injured.
This case is very similar to our recent decision in Sprague v. Lucky Stores, Inc., 109 Nev. 247, 849 P.2d 320. Sprague became injured after slipping on a grape in the produce department of a store owned by Lucky. Lucky had actual notice that its produce department often had debris on its floor. Sprague, however, could not show that Lucky had actual knowledge that the grape on which Sprague slipped was on the floor. Therefore, Sprague had to offer proof that Lucky had constructive notice of the hazardous condition of its produce department. Id. at 249.
This court concluded that whether Lucky had constructive notice of the hazardous condition was a jury question.
[A] reasonable jury could have found that Lucky knew that produce was frequently on the floor, that this produce created a hazard to shoppers, and that sweeping the floor could not wholly keep the floor free of debris. A reasonable jury could have determined that the virtually continual debris on the produce department floor put Lucky on constructive notice that, at any time, a hazardous condition might exist which would result in an injury to Lucky customers.
Id. at 251 (emphasis added).
Except for the applicability of NRS 41.033, the instant situation is virtually identical to Sprague. There is no evidence that CCSD had express knowledge of the bottles in the sandbox the day Jennifer was hurt. It can only be said that CCSD had constructive notice of the hazard. Since NRS 41.033 bars suit unless the public entity has express knowledge of the existence of a hazardous condition, NRS 41.033 precludes Jennifer’s action insofar as her falling on a bottle may have caused her injury. Unlike in Sprague, constructive notice will not do. Thus, we conclude that with regard to the existence of bottles in the sandbox, summary judgment was proper.
*1177 B. Whether CCSD had express knowledge that the sandbox was inadequately filled with sand.
Wisdom allegedly told Vickie that she had ordered sand for the sandbox at least five times. It is therefore apparent that CCSD did have express knowledge that the amount of sand in the sandbox was inadequate. Nardozzi, then, does not apply and NRS 41.033 does not immunize CCSD. Lotter, 106 Nev. at 368, 793 P.2d at 1322 (where county inspectors had knowledge of house’s framing defects and approved framing despite defects, NRS 41.033 did not provide immunity).
We assume, without deciding, that had the sandbox contained an adequate amount of sand, the concrete footing upon which Jennifer possibly fell would not have been exposed. We conclude that the district court erred in granting summary judgment on this issue.
C. Whether the district court properly held that CCSD was immune unless CCSD acknowledged that the condition in the sandbox was hazardous.
For purposes of summary judgment, the district court appeared to have accepted as true that CCSD had express knowledge that the sandbox was low on sand. However, the district court became preoccupied with the issue of whether or not a sandbox low on sand constituted a hazardous condition and, more importantly, whether CCSD acknowledged that a sandbox low on sand constituted a hazardous condition.
The distinction between these two issues must be fully grasped. The first issue was whether CCSD had express knowledge of the existence of the alleged hazardous condition, i.e., did CCSD know the sandbox was low on sand? The answer is clearly “yes.”[2]
The second issue was whether CCSD acknowledged that a sandbox low on sand constituted a hazardous condition. Jennifer argues that whether or not CCSD acknowledged the sandbox low on sand as hazardous was not relevant and should not have been considered by the district court in entertaining CCSD’s summary judgment motion. Jennifer argues that whether a condition is hazardous is not a question to be answered by the allegedly negligent party. We agree.
*1178 The district court believed that if CCSD failed to acknowledge the condition as hazardous, then NRS 41.033 barred Jennifer’s action notwithstanding the fact that CCSD had express knowledge of the existence of the condition. We conclude that this is error because this permits the alleged tortfeasor, here CCSD, to decide for itself what constitutes a hazardous condition. The conflict of interest is clear. Nardozzi does not require that the public entity acknowledge as hazardous a condition of which it has express knowledge. Rather, the entity need only have express knowledge of the existence of the condition.
Whether a particular condition constitutes a hazard is a question of fact for the jury.[3] “Summary judgment is only appropriate when, after a review of the record in a light most favorable to the non-moving party, there remain no genuine issues of material fact and it is determined that the moving party is entitled to judgment as a matter of law.” Caughlin Homeowners Ass’n v. Caughlin Club, 109 Nev. 264, 265, 849 P.2d 310, 311 (1993). The factual question of whether a sandbox low on sand constitutes a hazard is yet to be resolved. Accordingly, summary judgment as to this issue was improper.
II. Whether Jennifer adequately stated a claim for negligent supervision.
The district court stayed entry of summary judgment for thirty days. CCSD argues that Jennifer failed to state a cause of action of negligent supervision and that she waived this claim by not amending her complaint within the thirty-day period.
Jennifer’s complaint alleged that CCSD “failed to warn the children attending the school to keep away from this dangerous area and, in fact, ordered the children to sit on the wall next to the dangerous area and were negligent in other ways as well.” Complaints are liberally construed to do substantial justice. Hay v. Hay, 100 Nev. 196, 678 P.2d 672 (1984); NRCP 8(f). We *1179 conclude that the allegation just quoted sufficiently placed CCSD on notice of a claim of negligent supervision. Thus, Jennifer did not need to amend her complaint.

CONCLUSION

In light of the foregoing, we conclude that summary judgment was proper with regard to the existence of broken bottles in the sandbox because CCSD did not have express knowledge of the presence of the bottle on which Jennifer allegedly injured herself. Accordingly, NRS 41.033 precludes this claim. We thus affirm the district court’s action on this issue.
For the reasons previously discussed, however, we disagree that NRS 41.033 precludes Jennifer’s action insofar as her injury may have been caused by an inadequate amount of sand in the sandbox. We further hold that whether a specific condition constitutes a hazard is a question for the jury. Accordingly, we reverse the district court’s judgment as to that count. Finally, we hold that Jennifer adequately stated a claim of negligent supervision. We therefore remand this matter to the district court for further proceedings.
Rose, C. J., and Shearing, J., concur.

NRS 41.033 provides:
Conditions and limitations on actions: Failure to inspect or discover. No action may be brought under NRS 41.031 or against an officer or employee of the state or any of its agencies or political subdivisions which is based upon:
1. Failure to inspect any building, structure or vehicle, or to inspect the construction of any street, public highway or other public work to determine any hazards, deficiencies or other matters, whether or not there is a duty to inspect; or
2. Failure to discover such hazard, deficiency or other matter, whether or not an inspection is made.

This should have ended the inquiry because once a public entity has express knowledge of a hazardous condition, NRS 41.033 no longer provides immunity from suit.

Gott v. Johnson, 79 Nev. 330, 383 P.2d 363 (1963) (whether the defendant has knowledge that a particular task is hazardous is a question of fact); see also Merluzzi v. Larson, 96 Nev. 409, 610 P.2d 739 (1980) (reasonable minds may differ as to whether a risk of harm reasonably should have been foreseen, and the issue should generally be submitted to the trier of fact), overruled on other grounds, Smith v. Clough, 106 Nev. 568, 796 P.2d 592 (1990); cf. Shannon v. Butler Homes, Inc., 428 P.2d 990 (Ariz. 1967) (what constitutes a hidden peril is, in borderline cases, a question for the jury); Weirum v. RKO General, Inc., 539 P.2d 36 (Cal. 1975) (foreseeability of risk of harm from an activity is a question of fact for jury); Hurley v. Northern Pac. Ry. Co., 455 P.2d 321 (Mont. 1969) (whether probability of injury is reasonably foreseeable is question of fact for jury).