JAMES A. DAVENPORT, JR., AND DEBORAH A. DAVENPORT, APPELLANTS, v. COUNTY OF CLARK, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, RESPONDENT.

No. 24167

April 27, 1995                              893 P.2d 1003

[Rehearing denied September 19, 1995]

*Brent E. Leavitt* and *Richard A. Koch,* Las Vegas, for Appellants.

*Stewart L. Bell,* District Attorney, and *Michael L. Foley,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellants James and Deborah Davenport (the Davenports) purchased a house in Clark County from Robert and Yolanda Gomez (Gomez). Gomez had built the house under a building permit as an owner/builder. The Clark County Building Department approved the plans, conducted inspections as the house was being constructed, and issued a certificate of occupancy prior to the closing. The Davenports moved into their new house.

A few months after the closing, the house was flooded during a rainstorm. The Davenports discovered that the house had been built in violation of county regulations which require that the lowest floor of a newly constructed house be elevated eighteen inches above the surrounding terrain.

The Davenports sued Gomez, the real estate agency, the Clark County Regional Flood Control District, and respondent Clark County. The Davenports alleged that Clark County negligently issued a certificate of occupancy when it had "actual notice of the defects and building code violations existing in said real property." Clark County moved for summary judgment, claiming immunity from suit under NRS 41.033, where the cause of action was based upon negligent inspection. The district court agreed and ordered that Clark County be dismissed from the action, certifying the order as a final judgment. The Davenports appeal from that order.

Summary judgment may only be granted where the moving party shows that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. NRCP 56. There is no dispute that NRS 41.033 provides immunity to a public entity for failure to inspect or discover a hazard or defect.[1] Chastain v. Clark County School District, 109 Nev. 1172, 1175, 866 P.2d 286, 288 (1993). However, the statute does not provide immunity for failure to take reasonable action once the entity gains express knowledge of the defect. Nardozzi v. Clark County School District, 108 Nev 7, 9, 823 P.2d 285, 287 (1992).

In support of its motion for summary judgment, Clark County submitted the affidavit of the building inspector who actually inspected the Davenports' property. In his affidavit, the inspector denied (1) that the County inspects for the eighteen-inch floor elevation requirement; (2) that the defect was apparent and (3) that county building inspectors had knowledge of problems with the elevation of the floor.

In opposition to the motion, James Davenport submitted his own affidavit wherein he stated that the elevation defect was "open and obvious" as the concrete floor pad was actually below the crown of the road, and that Norman Brewer of the Clark County Building Department had told him that the building inspector who checked the floor pad "had caused a lot of problems . . . and he was no longer with the County." The Davenports also submitted a copy of the relevant parts of the "Improvement

---

[1]NRS 41.033 provides in pertinent part:

    1. No action may be brought under NRS 41.031 or against an officer or employee of the state or any of its agencies or political subdivisions which is based upon:

    (a) Failure to inspect any building, structure, vehicle, street, public highway or other public work, facility or improvement to determine hazards, deficiencies or other matters, whether or not there is a duty to inspect; or

    (b) Failure to discover such a hazard, deficiency or other matter, whether or not an inspection is made.

Standards, Department of Public Works," adopted by the Clark County Commission to provide minimum standards for construction, including flood control, and the deposition testimony of Norman Brewer, the Clark County Building Inspector. Brewer's testimony indicated that the county inspects for conformity with the elevation requirement and that if the floor pad were below the crown of the road "[i]t would certainly indicate to him that there could be an issue here." Brewer also stated that it might be possible to take care of a problem like that later.

On the basis of these pleadings, the district judge granted summary judgment in favor of Clark County. We conclude that this was error. In ruling on a motion for summary judgment, the district court is obligated to construe the pleadings, evidence and the inferences which follow from the evidence in the light most favorable to the non-moving party. Lotter v. Clark Co. Bd. of Commissioners, 106 Nev. 366, 793 P.2d 1320 (1990).

The evidence presented in this case leads to the inference that the defect was plainly visible to anyone with knowledge of the applicable building code requirements, and that the structure failed to satisfy applicable building code requirements at the time the Clark County inspector approved the structure. See Lotter, 106 Nev. at 369, 793 P.2d at 1322. Thus, an issue of fact existed as to whether the Clark County building inspector approved the structure despite having knowledge of its defect. Knowledge of the defect would bar the county from claiming immunity from the Davenports' claim under NRS 41.033. The district court therefore erred in granting Clark County's motion for summary judgment.

Accordingly, we reverse the order granting summary judgment and remand the case to the district court for further proceedings.[2]

---

[2]THE HONORABLE THOMAS L. STEFFEN, Chief Justice, voluntarily recused himself from participation in the decision of this appeal.