**131 Nev., Advance Opinion 76**
IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM NATHAN BAXTER,
Appellant,
vs.
DIGNITY HEALTH, D/B/A ST. ROSE
DOMINICAN HOSPITALS; BRIAN
LIPMAN, M.D.; DULCE QUIROZ, M.D.;
SYED AKBARULLAH, M.D.; SHALINI
BHATIA, D.O.; JESSICA GORDON,
D.O.; NERIE JAMISON, DNP; AND IPC
THE HOSPITALIST COMPANY, INC.,
Respondents.

No. 65064

FILED

SEP 24 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing a medical malpractice action. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

*Reversed and remanded.*

Gary Logan, Las Vegas; Kenneth M. Sigelman & Associates and Kenneth M. Sigelman, San Diego, California,
for Appellant.

Alverson, Taylor, Mortensen & Sanders and LeAnn Sanders and Shirley Blazich, Las Vegas,
for Respondent Dignity Health.

Carroll, Kelly, Trotter, Franzen, McKenna & Peabody and Robert C. McBride and Heather S. Hall, Las Vegas,
for Respondent Brian Lipman, M.D.

John H. Cotton & Associates, Ltd., and John H. Cotton and John J. Savage, Las Vegas,
for Respondents Dulce Quiroz, M.D., Shalini Bhatia, D.O.; Jessica Gordon, D.O.; Nerie Jamison, DNP; and IPC The Hospitalist Company, Inc.

15-28882

Holland Litigation PLLC and Matthew G. Holland, Henderson; Schuering Zimmerman & Doyle, LLP, and Thomas J. Doyle, Sacramento, California, for Respondent Syed Akbarullah, M.D.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PICKERING, J.:

This is an appeal from an order dismissing a medical malpractice action under NRS 41A.071. Adopted in 2002 to curb baseless malpractice litigation, NRS 41A.071 provides that a district court shall dismiss a medical malpractice action "if the action is filed without an affidavit" or declaration from a medical expert supporting the allegations of malpractice. In this case, the plaintiff consulted with a medical expert, from whom he obtained the supporting declaration required, before filing suit. For reasons unclear, the plaintiff did not attach the declaration to the complaint. Instead, he filed the complaint by itself, then filed the separately captioned declaration the next morning. The complaint incorporates the declaration by reference, and vice versa, and the two documents were served together on the defendants before the statute of limitations ran. Under the Nevada Rules of Civil Procedure, the district court should have considered the complaint and the declaration together. Instead, the district court dismissed the action because the complaint was filed without the declaration physically attached. NRS 41A.071 did not require dismissal on these facts. We therefore reverse and remand.

I.

Appellant William Baxter is a type 1 diabetic who presented to the emergency room in August 2012 with an acute infection. He alleges that the respondent hospital and doctors committed medical malpractice by misdiagnosing his infection as viral, not bacterial. Baxter further alleges that, had the correct diagnosis been timely made, his cervical spine abscess should and could have been successfully treated with antibiotics. The delay in proper diagnosis and treatment has allegedly left him a ventilator-dependent tetraplegic who will require 24-hour nursing care for the rest of his life.

Baxter obtained copies of his medical records in December 2012, which the parties seemingly agree triggered the one-year statute of limitations in NRS 41A.097(2). Baxter's counsel retained an internist and infectious disease specialist, Joseph Cadden, M.D., to review the medical records. On August 16, 2013, Dr. Cadden signed a declaration under penalty of perjury stating that he had reviewed the medical records and "the complaint that I understand will be filed together with this Declaration." The declaration is lengthy; it addresses the respondents' standards of care, their asserted breaches, and the consequent harm to Baxter. In it, Dr. Cadden also declares, "I believe that the pertinent facts that I noted when reviewing the medical records regarding William Nathan Baxter's medical care and treatment during the times pertinent to this case are summarized accurately in Paragraphs 14 through 22 of the [then draft] complaint."

Baxter's complaint was filed at 1:43 p.m. on August 19, 2013, three days after Dr. Cadden dated and signed his declaration. The complaint sets forth its allegations of malpractice, then alleges that "Plaintiff is filing, at or about the time of the filing of this Complaint, the

Supreme Court
OF
Nevada

(O) 1947A

3

Declaration of Joseph Cadden, M.D., pursuant to Nevada Revised Statutes § 41A.071 in support of the allegations set forth herein." For reasons unknown, the Cadden declaration was not attached to or filed at the same time as the complaint. Instead, the declaration was filed the next day, August 20, 2013, at 9:56 a.m. The summonses were issued and timely served, along with the complaint and the declaration, on respondents.

In November 2013, respondents moved to dismiss on the ground that Baxter's malpractice action was defective because filed without the expert affidavit supporting its allegations required by NRS 41A.071.[1] After briefing and argument, the district court granted the motion to dismiss. By then, the statute of limitations had run on Baxter's claims.

## II.

As written at the time pertinent to this appeal, NRS 41A.071 read as follows:

> If an action for medical malpractice or dental malpractice is filed in the district court, the district court shall dismiss the action, without prejudice, *if the action is filed without an affidavit*, supporting the allegations contained in the action, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice.

---

[1]Respondent Dignity Health also argued in district court that Dr. Cadden cannot opine as to the malpractice of its nurses and other non-doctor staff because his practice area is not "substantially similar" to theirs. *See* NRS 41A.071. We do not address this argument because the district court did not reach it and respondents do not ask us to.

(Emphasis added.)[2] The "affidavit" can take the form of either a "sworn affidavit or an unsworn declaration made under penalty of perjury." *Buckwalter v. Eighth Judicial Dist. Court*, 126 Nev. 200, 202, 234 P.3d 920, 922 (2010).

NRS 41A.071's affidavit-of-merit requirement imposes an added pleading obligation on medical malpractice plaintiffs, beyond the obligations imposed on plaintiffs generally by the Nevada Rules of Civil Procedure. This creates tension between the Legislature's substantive policy decision to deter frivolous malpractice litigation by imposing a pre-suit affidavit-of-merit requirement and the liberal pleading policies embedded in the Nevada Rules of Civil Procedure, which this court adopted pursuant to its inherent authority to adopt procedural rules designed to secure litigants their fair day in court. *See Borger v. Eighth Judicial Dist. Court*, 120 Nev. 1021, 1028-29, 102 P.3d 600, 605-06 (2004); *see also* Benjamin Grossberg, *Uniformity, Federalism, and Tort Reform: The* Erie *Implications of Medical Malpractice Certificate of Merit Statutes*,

---

[2]Although the 2015 Legislature amended NRS 41A.071, it did not change the language central to this appeal. *See* 2015 Nev. Stat., ch. 439, § 6 ("If an action for professional negligence is filed in the district court, the district court shall dismiss the action, without prejudice, *if the action is filed without an affidavit*, that: 1. Supports the allegations contained in the action; 2. Is submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged professional negligence; 3. Identifies by name, or describes by conduct, each provider of health care who is alleged to be negligent; and 4. Sets forth factually a specific act or acts of alleged negligence separately as to each defendant in simple, concise and direct terms." (emphasis added)). We analyze this appeal under the 2014 version of NRS 41A.071, since the 2015 amendments do not apply retroactively. *See id.* at §§ 11, 13.

 

159 U. Pa. L. Rev. 217, 243-48 (2010) (noting the split among federal courts as to whether state affidavit-of-merit statutes like NRS 41A.071 impose a procedural obligation that is unenforceable because in conflict with the Federal Rules of Civil Procedure, or whether they set substantive state policy that federal courts should enforce under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), and its progeny).

To date, this court has mediated the tension between NRS 41A.071 and the Nevada Rules of Civil Procedure according to the perceived strength of the competing policies at stake. Thus, in *Washoe Medical Center v. Second Judicial District Court*, 122 Nev. 1298, 1301, 148 P.3d 790, 792 (2006), the plaintiff filed her complaint the day before the statute of limitations ran. She did not obtain an affidavit of merit until the defendants moved to dismiss, by which time the statute of limitations had run. *Id.* The plaintiff filed an amended complaint, to which she appended the belated affidavit of merit, and argued that NRCP 15(a) entitled her to amend as of right, that the amendment related back to the original filing date, and that her claims therefore were timely. *Id.* A divided supreme court disagreed, deeming the original complaint a nullity to which NRCP 15(a) and the relation-back doctrine did not apply.[3] *Id.* at 1306, 148 P.3d at 795 (4-2-1 decision). We held that, in requiring

---

[3]In *Wheble v. Eighth Judicial District Court*, 128 Nev., Adv. Op. 11, 272 P.3d 134, 137 (2012), a three-judge panel of this court, citing *Washoe Medical*, held that a complaint dismissed for want of an NRS 41A.071 affidavit was so far incomplete that "the dismissed action was never 'commenced'" for purposes of NRS 11.500, which tolls the statute of limitations when an action is dismissed for want of subject matter jurisdiction.

*dismissal* of an action filed without a supporting affidavit, NRS 41A.071 trumps NRCP 15(a), which allows liberal amendment of pleadings, given the substantive policy expressed in NRS 41A.071 against a plaintiff bringing a malpractice action without a medical expert first reviewing and validating the claims. Id. at 1304, 148 P.3d at 794.

In *Borger*, by contrast, we invalidated an order dismissing a medical malpractice action because the expert who provided the affidavit of merit arguably did not practice in an area "substantially similar" to the defendant's, as required by NRS 41A.071. 120 Nev. at 1028, 102 P.3d at 605. The object of NRS 41A.071's affidavit-of-merit requirement, we wrote, is "to ensure that parties file malpractice cases in good faith, *i.e.*, to prevent the filing of frivolous lawsuits." *Id.* at 1026, 102 P.3d at 604. And, "because NRS 41A.071 governs the threshold requirements for initial pleadings in medical malpractice cases, not the ultimate trial of such matters, we must liberally construe this procedural rule of pleading in a manner that is consistent with our NRCP 12 jurisprudence." *Id.* at 1028, 102 P.3d at 605. *Accord Zohar v. Zbiegien*, 130 Nev., Adv. Op. 74, 334 P.3d 402, 406 (2014) (relying on NRCP 10(c) and NRCP 12 to reverse an order of dismissal under NRS 41A.071 and emphasizing that "the NRS 41A.071 affidavit requirement is a preliminary procedural rule subject to the notice-pleading standard, and thus, it must be liberally construed in a manner that is consistent with our NRCP 12 jurisprudence") (internal quotations and alterations omitted).[4]

---

[4]We note that the 2015 amendments to NRS 41A.071 impose additional affidavit requirements beyond those in the version of NRS 41A.071 considered in *Zohar*.

The question in this case is whether, under the Nevada Rules of Civil Procedure, yet consistent with the deterrent policies set by NRS 41A.071, Baxter's complaint and Dr. Cadden's declaration should be read together as sufficient to survive a motion to dismiss. In evaluating a motion to dismiss, courts primarily focus on the allegations in the complaint. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008). But "the court is not limited to the four corners of the complaint." 5B Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure: Civil* § 1357, at 376 (3d ed. 2004). Under NRCP 10(c), "a copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." A court "may also consider unattached evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (internal quotation omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (in evaluating a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on [Fed. R. Civ. P.] 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference") (citing 5B Charles Alan Wright & Arthur Miller, *supra*, § 1357). While presentation of matters *outside* the pleadings will convert the motion to dismiss to a motion for summary judgment, Fed. R. Civ. P. 12(d); NRCP 12(b), such conversion is *not* triggered by a court's "consideration of matters incorporated by reference or integral to the claim," 5B Wright & Miller, *supra*, § 1357, at 376, as where the complaint "relies heavily" on a document's terms and effect, *Chambers v. Time*

*Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). *See also* Kurtis A. Kemper, Annotation, *What Matters Not Contained in Pleadings May Be Considered in Ruling on a Motion to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure or Motion for Judgment on the Pleadings Under Rule 12(c) Without Conversion to Motion for Summary Judgment*, 138 A.L.R. Fed. 393 (1997) (collecting cases).

NRS 41A.071 does not state that the affidavit of merit must be physically attached to the malpractice complaint—or even physically filed, for that matter. It says, "If an action for medical malpractice . . . is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit, supporting the allegations contained in the action." In *Zohar*, we held that, under NRCP 10(c), concerning exhibits attached to pleadings, a medical malpractice complaint and its supporting affidavit should be read together, in effect, incorporating the affidavit into the complaint. 130 Nev., Adv. Op. 74, 334 P.3d at 406. Similarly, where the complaint incorporates by reference a preexisting affidavit of merit, which is thereafter filed and served with the complaint, and no party contests the authenticity of the affidavit or its date, the affidavit of merit may properly be treated as part of the pleadings in evaluating a motion to dismiss.[5]

---

[5]Respondents rely on *Wheble*'s reference, as part of its case history, to an earlier unpublished order which granted the medical providers' mandamus petition and directed the district court to dismiss the first action because the plaintiff had filed the complaint without the required affidavit. *See* 272 P.3d at 136. This unpublished order, while law of the case in *Wheble, see Recontrust Co. v. Zhang,* 130 Nev., Adv. Op. 1, 317 P.3d 814, 818 (2014), does not constitute binding precedent, SCR 123, and, to the extent inconsistent with this opinion, is disapproved.

Baxter's complaint incorporates Dr. Cadden's declaration and alleges that the declaration was being filed "at or about the time of the filing of this Complaint." Dr. Cadden's declaration, filed just five judicial hours after the complaint, verifies the truth of this allegation; it is sworn under penalty of perjury and dated August 16, 2013, three days before Baxter filed the complaint. Better practice would have been to attach the declaration to the complaint and file the two documents together. But the fact remains that Baxter literally complied with NRS 41A.071 and the respondent medical providers were not negatively affected in any way by the separate submissions. The complaint incorporates the declaration and both were served together on the respondent medical providers, who were able to challenge the sufficiency of the declaration—one did, *see* note 1, *supra*—in their motions to dismiss. They thus were in "no worse position" than if Baxter had attached the affidavit to the complaint instead of filing it one day later. *See Thompson v. Long*, 411 S.E.2d 322, 324 (Ga. Ct. App. 1991) (reversing district court's order dismissing medical negligence action due to the plaintiff's failure to attach an expert affidavit to the complaint because though the plaintiff failed to plead that she qualified for an exception to the contemporaneous affidavit requirement filing and had 45 extra days to file the affidavit, the complaint placed the defendants on notice that she qualified for that exception and the plaintiff filed the proper affidavit within the extended period of time).

Under NRCP 8(f), "[a]ll pleadings shall be so construed as to do substantial justice." *See Chastain v. Clark Cnty. Sch. Dist.*, 109 Nev. 1172, 1178, 866 P.2d 286, 290 (1993). Treating Baxter's pleadings as comprising the complaint and the declaration the complaint incorporates comports with NRCP 8(f) and case law interpreting the federal analog to

SUPREME COURT
OF
NEVADA

(O) 1947A

10

NRCP 12(b)(5), *see* 5B Charles Alan Wright & Arthur Miller, *supra*, § 1357, and does not disserve the substantive policies the Legislature established in NRS 41A.071. This action was not brought without the prior expert medical review NRS 41A.071 demands, consistent with the statute's overall purpose: to ensure that plaintiffs file non-frivolous medical malpractice actions "in good faith based upon competent expert medical opinion." *Zohar*, 130 Nev., Adv. Op. 74, 334 P.3d at 405 (internal citations omitted). Substantial justice is done by reading the complaint as incorporating the declaration in deciding dismissal. Because Baxter did not file his medical malpractice action without a medical expert's declaration, dismissal under NRS 41A.071 was not required and we reverse and remand for further proceedings consistent with this opinion.

                                                      _____, J.
                                                      Pickering

We concur:

_____, C.J.               _____, J.
Hardesty                                  Parraguirre

_____, J.                 _____, J.
Douglas                                     Cherry

_____, J.                 _____, J.
Saitta                                         Gibbons

